## BACKGROUND QUESTIONNAIRE

Please respond to the following questions in the space provided. If you need additional space for any response, you may attach additional pieces of paper.

Today's date: _____

1.  What is your full name?

    _____

2.  Have you ever been known by any other name?  Yes __ No __

    If yes, list each such name and the period(s) in which you were known by that name.

    _____
    _____
    _____

3.  Social Security Number? _____

4.  Date and Place of Birth?

    _____

5.  Country of Citizenship?

    _____

6.  Marital Status?  Married __ Divorced __ Single __

    If you have ever been married, state for each marriage: (i) the date(s) of the marriage; (ii) the name of your spouse; and (iii) your spouse's maiden name, if any.

    _____
    _____
    _____

7.  List the names, ages and occupations of your children, if any.

    _____
    _____
    _____
    _____

Background Questionnaire
Page 2

8.  List all residences you occupied at any time during the last three years, including vacation homes, beginning with your current residence. For each residence, state the address, dates of residence, and all telephone numbers (including facsimile numbers) listed at that address.

_____

_____

9.  List all telephone numbers and telephone credit card numbers that were in your name or that you regularly used at any time during the last three years. Include all residential, business, car, credit card and cellular telephone numbers, including those listed in your response to question 8. For each telephone number, state the name(s) of the corresponding long distance carrier(s) (e.g., Sprint, MCI, AT&T), if any.

_____

_____

## PUBLICLY-HELD COMPANIES

10. Are you now, or have you ever been, an officer or director of any publicly-held company? Yes __ No __

    If yes, identify each such company and state your positions and the dates you held each position.

    _____

    _____

11. Are you now, or have you ever been, a beneficial owner, directly or indirectly, of five per cent or more of any class of equity securities of any publicly held company?
    Yes __ No __

    If yes, identify each such company, and state the amount, percentage, and dates of your ownership.

    _____

    _____

Background Questionnaire
Page 3

## SECURITIES ACCOUNTS

12.   List all securities or brokerage accounts that you have held in your name, individually or
      jointly, at any time during the last three years. Include all foreign accounts. For each
      such account, identify: (i) the brokerage firm; (ii) the location of the branch where your
      account is or was held; (iii) your broker; (iv) the type of account (i.e., cash, margin or
      IRA); and (v) whether any person has ever held discretionary authority or power of
      attorney over the account; if so, name such person(s).

      _____
      _____
      _____
      _____
      _____

13.   List all securities or brokerage accounts (including foreign accounts), other than those
      listed in your answer to question 12, in which you had any direct or indirect beneficial
      interest at any time during the last three years. For each such account, provide the
      information requested by question 12.

      _____
      _____
      _____
      _____
      _____

14.   List all securities or brokerage accounts (including foreign accounts), other than those
      listed in your answer to question 12 or 13, over which you had any control at any time
      during the last three years. For each such account, provide the information requested by
      question 12.

      _____
      _____
      _____
      _____
      _____

Background Questionnaire
Page 4

## BANK ACCOUNTS

15.    List all accounts you have held in your name at any financial institution (i.e., bank, thrift, or credit union) at any time during the last three years. Include all foreign accounts. For each such account, identify: (i) the financial institution; (ii) the address of the branch at which your account is or was held; (iii) the type of account (i.e., checking, savings, money market or IRA); and (iv) whether any person has ever had discretionary authority or power of attorney over the account; if so, name such person(s).

---

---

---

---

---

16.    List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15, in which you had any direct or indirect beneficial interest at any time during the last three years. For each such account, provide the information requested by question 15.

---

---

---

---

17.    List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15 or 16, over which you had any control at any time during the last three years. For each such account, provide the information requested by question 15.

---

---

---

---

Background Questionnaire
Page 5

## PRIOR PROCEEDINGS

18.   Have you ever testified in any proceeding conducted by the staff of the Securities and
      Exchange Commission, a federal or state agency, a federal or state court, a stock
      exchange, the National Association of Securities Dealers ("NASD") or any other self-
      regulatory organization ("SRO"), or in any arbitration proceeding related to securities
      transactions?  Yes __ No __

      If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the
      organization or agency; and (iii) the date(s) on which you testified.

      _____
      _____
      _____
      _____

19.   Have you ever been deposed in connection with any court proceeding?  Yes __ No __

      If yes, for each such proceeding, identify: (i) the title of the proceeding, and (ii) the
      date(s) on which you were deposed.

      _____
      _____
      _____

20.   Have you ever been named as a defendant or respondent in any action or proceeding
      brought by the SEC, any other federal agency, a state securities agency, the NASD or any
      stock exchange?  Yes __ No __

      If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the agency or
      tribunal; (iii) the substance of the allegations; (iv) the outcome of the proceeding; and (v)
      the date of the outcome.

      _____
      _____
      _____
      _____

Background Questionnaire
Page 6

21.   Have you ever been a defendant in any action (other than those listed in response to
      question 20) alleging violations of the federal securities laws?  Yes __  No __

      If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or
      tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

      _____
      _____
      _____
      _____

22.   Have you ever been a defendant in any criminal proceeding other than one involving a
      minor traffic offense?  Yes __  No __

      If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or
      tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

      _____
      _____
      _____
      _____

## EDUCATIONAL HISTORY

23.   Provide the requested information about each educational institution that you have
      attended beyond junior high school, beginning with the most recent and working
      backward to the date that you completed high school.

| Name of School | | | |
| --- | --- | --- | --- |
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

| Name of School | | | |
| --- | --- | --- | --- |
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

Background Questionnaire
Page 7

Name of School
_____

City                    State                    Country              Zip Code

Dates of Attendance: Month/Year to Month/Year    Degree/Major         Month/Year of Degree


Name of School
_____

City                    State                    Country              Zip Code

Dates of Attendance: Month/Year to Month/Year    Degree/Major         Month/Year of Degree


24.     Other than courses taken in connection with institutions listed in response to question 23, list any securities or business related courses taken since high school. For each such course, identify the date that the course was completed and the name of the institution or organization that offered the course.

_____
_____
_____
_____


## PROFESSIONAL LICENSES/CLUBS

25.     Do you hold, or have you ever held, any professional license? Yes__ No __

        If yes, for each such license, identify: (i) the license; (ii) the licensing organization; (iii) the date the license was awarded; (iv) the date such license terminated, if applicable; (v) the date(s) of any disciplinary proceeding(s) against you: and (vi) the outcome of any such disciplinary proceeding (e.g., reprimand, suspension, revocation).

_____
_____
_____


26.     Are you, or have you ever been, a member of any professional or business club or organization? Yes __ No __.

Background Questionnaire
Page 8

If yes, list for each: (i) the name of the club or organization; (ii) its address; and (iii) the date(s) of your membership.

_____

_____

_____

_____

## EMPLOYMENT HISTORY

27.    State your employment activities, beginning with the present and working backward to the date that you completed high school.

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

Background Questionnaire
Page 9

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|
| City | State | Country | Zip Code |

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |

Dates of Employment: Month/Year To Month/Year

CONTINUE ON ADDITIONAL SHEETS IF NECESSARY



# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

**In the Matter of BioChemics, Inc. (B-02641)**

To:    Stephen G. Carter
       c/o Jason C. Moreau, Esq.
       Greenberg Traurig
       One International Place
       Boston, MA 02110

☐    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the
     Securities and Exchange Commission, at the place, date and time specified below:

☒    **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place,
     date and time specified below:

     Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, 23rd floor,
     Boston, Massachusetts 02110, on February 16, 2012 at 9:30 am.

---

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
          Failure to comply may subject you to a fine and/or imprisonment.

By:                                              Date: 1/5/12

     Joshua S. Grinspoon, Attorney
     U.S. Securities and Exchange Commission
     33 Arch Street, 23rd Floor
     Boston, Massachusetts 02110

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this
matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation
under: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:        If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

1

**SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

## Supplemental Information for Persons Requested to Supply
## Information Voluntarily or Directed to Supply Information
## Pursuant to a Commission Subpoena

**A. False Statements and Documents**

Section 1001 of Title 18 of the United States Code provides as follows:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

**B. Testimony**

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

   If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

   You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

> Whoever . . . having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly . . . willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true . . . is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years or both . . . .

5. *Fifth Amendment and Voluntary Testimony.* Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

SEC 1662 (09-11)

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6.    *Formal Order Availability.*  If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

### C. Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

### D. Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self addressed envelope.

### E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.*  The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.*  One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment

Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

## F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

## G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

## H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

3

7. To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8. To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9. To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10. To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12. To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13. To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14. In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15. To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

17. To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18. To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19. To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20. To respond to subpoenas in any litigation or other proceeding.

4

21. To a trustee in bankruptcy.

22. To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

* * * * *

*Small Business Owners:* The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-551-4933 or the SEC's Small Business Ombudsman at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.

## BACKGROUND QUESTIONNAIRE

**Please respond to the following questions in the space provided. If you need additional space for any response, you may attach additional pieces of paper.**

Today's date: _____

1.      What is your full name?

   _____

2.      Have you ever been known by any other name?  Yes __ No __

   If yes, list each such name and the period(s) in which you were known by that name.

   _____
   _____
   _____

3.      Social Security Number? _____

4.      Date and Place of Birth?

   _____

5.      Country of Citizenship?

   _____

6.      Marital Status?  Married __ Divorced __ Single __

   If you have ever been married, state for each marriage: (i) the date(s) of the marriage; (ii) the name of your spouse; and (iii) your spouse's maiden name, if any.

   _____
   _____
   _____

7.      List the names, ages and occupations of your children, if any.

   _____
   _____
   _____
   _____

Background Questionnaire
Page 2

8.  List all residences you occupied at any time during the last three years, including
    vacation homes, beginning with your current residence. For each residence, state the
    address, dates of residence, and all telephone numbers (including facsimile numbers)
    listed at that address.

    _____

    _____
    _____

9.  List all telephone numbers and telephone credit card numbers that were in your name or
    that you regularly used at any time during the last three years. Include all residential,
    business, car, credit card and cellular telephone numbers, including those listed in your
    response to question 8. For each telephone number, state the name(s) of the
    corresponding long distance carrier(s) (e.g., Sprint, MCI, AT&T), if any.

    _____
    _____

## PUBLICLY-HELD COMPANIES

10. Are you now, or have you ever been, an officer or director of any publicly-held
    company? Yes __ No __

    If yes, identify each such company and state your positions and the dates you held each
    position.

    _____
    _____
    _____

11. Are you now, or have you ever been, a beneficial owner, directly or indirectly, of five per
    cent or more of any class of equity securities of any publicly held company?
    Yes __ No __

    If yes, identify each such company, and state the amount, percentage, and dates of your
    ownership.

    _____
    _____
    _____

Background Questionnaire
Page 3

## SECURITIES ACCOUNTS

12.  List all securities or brokerage accounts that you have held in your name, individually or jointly, at any time during the last three years. Include all foreign accounts. For each such account, identify: (i) the brokerage firm; (ii) the location of the branch where your account is or was held; (iii) your broker; (iv) the type of account (i.e., cash, margin or IRA); and (v) whether any person has ever held discretionary authority or power of attorney over the account; if so, name such person(s).

_____

_____

_____

_____

13.  List all securities or brokerage accounts (including foreign accounts), other than those listed in your answer to question 12, in which you had any direct or indirect beneficial interest at any time during the last three years. For each such account, provide the information requested by question 12.

_____

_____

_____

_____

14.  List all securities or brokerage accounts (including foreign accounts), other than those listed in your answer to question 12 or 13, over which you had any control at any time during the last three years. For each such account, provide the information requested by question 12.

_____

_____

_____

_____

Background Questionnaire
Page 4

## BANK ACCOUNTS

15.   List all accounts you have held in your name at any financial institution (i.e., bank, thrift, or credit union) at any time during the last three years. Include all foreign accounts. For each such account, identify: (i) the financial institution; (ii) the address of the branch at which your account is or was held; (iii) the type of account (i.e., checking, savings, money market or IRA); and (iv) whether any person has ever had discretionary authority or power of attorney over the account; if so, name such person(s).

      _____

      _____

      _____

      _____

16.   List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15, in which you had any direct or indirect beneficial interest at any time during the last three years. For each such account, provide the information requested by question 15.

      _____

      _____

      _____

      _____

17.   List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15 or 16, over which you had any control at any time during the last three years. For each such account, provide the information requested by question 15.

      _____

      _____

      _____

      _____

Background Questionnaire
Page 5

<u>PRIOR PROCEEDINGS</u>

18.    Have you ever testified in any proceeding conducted by the staff of the Securities and Exchange Commission, a federal or state agency, a federal or state court, a stock exchange, the National Association of Securities Dealers ("NASD") or any other self-regulatory organization ("SRO"), or in any arbitration proceeding related to securities transactions? Yes __ No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the organization or agency; and (iii) the date(s) on which you testified.

_____

_____

_____

_____


19.    Have you ever been deposed in connection with any court proceeding? Yes __ No __

If yes, for each such proceeding, identify: (i) the title of the proceeding, and (ii) the date(s) on which you were deposed.

_____

_____

_____

_____


20.    Have you ever been named as a defendant or respondent in any action or proceeding brought by the SEC, any other federal agency, a state securities agency, the NASD or any stock exchange? Yes __ No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the agency or tribunal; (iii) the substance of the allegations; (iv) the outcome of the proceeding; and (v) the date of the outcome.

_____

_____

_____

_____

Background Questionnaire
Page 6

21.     Have you ever been a defendant in any action (other than those listed in response to
        question 20) alleging violations of the federal securities laws?  Yes __ No __

        If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or
        tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

        _____
        _____
        _____
        _____

22.     Have you ever been a defendant in any criminal proceeding other than one involving a
        minor traffic offense?  Yes __ No __

        If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or
        tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

        _____
        _____
        _____
        _____

## EDUCATIONAL HISTORY

23.     Provide the requested information about each educational institution that you have
        attended beyond junior high school, beginning with the most recent and working
        backward to the date that you completed high school.

        Name of School
        _____
        City                    State           Country         Zip Code
        _____
        Dates of Attendance: Month/Year to Month/Year    Degree/Major    Month/Year of Degree


        Name of School
        _____
        City                    State           Country         Zip Code
        _____
        Dates of Attendance: Month/Year to Month/Year    Degree/Major    Month/Year of Degree

Background Questionnaire
Page 7

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

24.    Other than courses taken in connection with institutions listed in response to question 23, list any securities or business related courses taken since high school. For each such course, identify the date that the course was completed and the name of the institution or organization that offered the course.

_____

_____

_____

PROFESSIONAL LICENSES/CLUBS

25.    Do you hold, or have you ever held, any professional license? Yes___ No ___

If yes, for each such license, identify: (i) the license; (ii) the licensing organization; (iii) the date the license was awarded; (iv) the date such license terminated, if applicable; (v) the date(s) of any disciplinary proceeding(s) against you: and (vi) the outcome of any such disciplinary proceeding (e.g., reprimand, suspension, revocation).

_____

_____

_____

26.    Are you, or have you ever been, a member of any professional or business club or organization? Yes ___ No ___

Background Questionnaire
Page 8

If yes, list for each: (i) the name of the club or organization; (ii) its address; and (iii) the date(s) of your membership.

_____

_____

_____

## EMPLOYMENT HISTORY

27.    State your employment activities, beginning with the present and working backward to the date that you completed high school.

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | Your Title |
|---|---|

Background Questionnaire
Page 9

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

CONTINUE ON ADDITIONAL SHEETS IF NECESSARY

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Boston Regional Office
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110-1424



FAX TRANSMITTAL SHEET

From: Tim Bagley

Telephone Number: (617) 573-8900
Telecopier Number: (617) 573-4590

January 12, 2012
(Date)

PLEASE DELIVER THE FOLLOWING PAGES TO:

Name: Jason C. Moreau, Esq.

Company: Greenberg Traurig

Fax: 617-279-8425

Telephone Number: _____

Total Number of Pages (including cover sheet): 48

MESSAGE: _____

CONFIDIALITY NOTE: THIS FACSIMILE TRANSMISSION IS INTENDED ONLY FOR THE PERSON TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE. DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE OR THE INFORMATION HEREIN BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR PLEASE RETURN IT TO THE U.S. SECURITIES AND EXCHANGE COMMISSION BY MAIL.

If you do not receive all the pages, please call immediately.

J:\share\Parker\Fax Cover Sheets\Generic Fax Cover Sheet.DOC



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Boston Regional Office
33 Arch St., 23rd Floor
Boston, MA 02110-1424
Telecopier: (617) 573-4590

DIVISION OF ENFORCEMENT

Joshua S. Griuspoon
Attorney
(617) 573-4502

January 12, 2012

<u>VIA FACSIMILE (617-279-8425) AND UPS</u>

Jason C. Moreau, Esq.
Greenberg Traurig
One International Place
Boston, MA 02110

Re:    <u>In the Matter of BioChemics, Inc. (B-02641)</u>

Dear Jason,

Pursuant to our telephone conversations and our email exchange on December 22, 2011 in which you did not object to accepting service of this subpoena on behalf of your clients Ms. Elizabeth Russo, Mr. James Duke Garvin, and Mr. John J. Masiz, I have enclosed subpoenas that require Ms. Russo and Messrs. Garvin and Masiz to give sworn testimony in the above-referenced matter.

The subpoena for Ms. Russo requires her to come to the Boston Regional Office of the United States Securities and Exchange Commission, located at 33 Arch Street, 23rd Floor, Boston, MA 02110, on February 28, 2012 at 9:30 am to testify under oath. Ms. Russo must comply with the subpoena. She may be subject to a fine and/or imprisonment if she does not.

The subpoena for Mr. Garvin requires him to come to the Boston Regional Office of the United States Securities and Exchange Commission, located at 33 Arch Street, 23rd Floor, Boston, MA 02110, on March 6, 2012 at 9:30 am to testify under oath. Mr. Garvin must comply with the subpoena. He may be subject to a fine and/or imprisonment if he does not.

The subpoena for Mr. Masiz requires him to come to the Boston Regional Office of the United States Securities and Exchange Commission, located at 33 Arch Street, 23rd Floor, Boston, MA 02110, on March 13, 2012 at 9:30 am to testify under oath. Mr. Masiz must comply with the subpoena. He may be subject to a fine and/or imprisonment if he does not. Mr. Masiz's testimony is likely to last more than one day.

Three copies of the SEC's background questionnaire are also enclosed. During the testimony, the staff intends to ask background questions concerning, among other things,

Jason C. Moreau
January 12, 2012
Page 2

residences, telephone numbers, education and employment. To expedite that part of the testimony, we request that Ms. Russo and Messrs. Garvin and Masiz complete the enclosed questionnaire on a voluntary basis and provide it to the staff prior to the testimony.

The enclosed SEC Form 1662 includes a List of Routine Uses of information provided to the Commission, and contains other important information.

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation and the subpoena do not mean that we have concluded that Ms. Russo, Messrs. Garvin or Masiz, or anyone else has broken the law. Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

If you have any other questions, you may call me at (617) 573-4502.

Sincerely,

Joshua S. Grinspoon
Attorney

Enclosures:  Ms. Elizabeth Russo Subpoena
Mr. James Duke Garvin Subpoena
Mr. John J. Masiz Subpoena
SEC Form 1662 (Three Copies)
Background Questionnaire (Three Copies)



# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

**In the Matter of BioChemics, Inc. (B-02641)**

To:  Elizabeth Russo
c/o Jason C. Moreau, Esq.
Greenberg Traurig
One International Place
Boston, MA 02110

☐  **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

☒  **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, 23rd floor, Boston, Massachusetts 02110, on February 28, 2012 at 9:30 am.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _____          Date: 1/12/12

Joshua S. Grinspoon, Attorney
U.S. Securities and Exchange Commission
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:        If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

## SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

### Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena

**A. False Statements and Documents**

Section 1001 of Title 18 of the United States Code provides as follows:

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

**B. Testimony**

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

Whoever . . . having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly . . . willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true . . . is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years or both . . . .

5. *Fifth Amendment and Voluntary Testimony.* Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

SEC 1662 (09-11)

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6.  *Formal Order Availability.* If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## C. Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## D. Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self addressed envelope.

## E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment

Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

### F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

### G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

### H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

7. To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8. To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9. To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10. To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12. To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13. To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14. In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21a of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15. To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

17. To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18. To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19. To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20. To respond to subpoenas in any litigation or other proceeding.

21. To a trustee in bankruptcy.

22. To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

* * * * *

*Small Business Owners:* The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-551-4933 or the SEC's Small Business Ombudsman at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.

## BACKGROUND QUESTIONNAIRE

**Please respond to the following questions in the space provided. If you need additional space for any response, you may attach additional pieces of paper.**

Today's date: _____

1.    What is your full name?

_____

2.    Have you ever been known by any other name? Yes __ No __

If yes, list each such name and the period(s) in which you were known by that name.

_____
_____
_____

3.    Social Security Number? _____

4.    Date and Place of Birth?

_____

5.    Country of Citizenship?

_____

6.    Marital Status?  Married __ Divorced __ Single __

If you have ever been married, state for each marriage: (i) the date(s) of the marriage; (ii) the name of your spouse; and (iii) your spouse's maiden name, if any.

_____
_____
_____

7.    List the names, ages and occupations of your children, if any.

_____
_____
_____
_____

Case 1:13-cv-10691-RWZ   Document 1-2   Filed 03/27/13   Page 35 of 107

Background Questionnaire
Page 2

8.  List all residences you occupied at any time during the last three years, including
    vacation homes, beginning with your current residence. For each residence, state the
    address, dates of residence, and all telephone numbers (including facsimile numbers)
    listed at that address.

    _____

    _____

    _____

9.  List all telephone numbers and telephone credit card numbers that were in your name or
    that you regularly used at any time during the last three years. Include all residential,
    business, car, credit card and cellular telephone numbers, including those listed in your
    response to question 8. For each telephone number, state the name(s) of the
    corresponding long distance carrier(s) (e.g., Sprint, MCI, AT&T), if any.

    _____

    _____

    _____

## PUBLICLY-HELD COMPANIES

10. Are you now, or have you ever been, an officer or director of any publicly-held
    company? Yes ___ No ___

    If yes, identify each such company and state your positions and the dates you held each
    position.

    _____

    _____

    _____

11. Are you now, or have you ever been, a beneficial owner, directly or indirectly, of five per
    cent or more of any class of equity securities of any publicly held company?
    Yes ___ No ___

    If yes, identify each such company, and state the amount, percentage, and dates of your
    ownership.

    _____

    _____

    _____

Background Questionnaire
Page 3

SECURITIES ACCOUNTS

12. List all securities or brokerage accounts that you have held in your name, individually or
jointly, at any time during the last three years. Include all foreign accounts. For each
such account, identify: (i) the brokerage firm; (ii) the location of the branch where your
account is or was held; (iii) your broker; (iv) the type of account (i.e., cash, margin or
IRA); and (v) whether any person has ever held discretionary authority or power of
attorney over the account; if so, name such person(s).

_____

_____

_____

_____

13. List all securities or brokerage accounts (including foreign accounts), other than those
listed in your answer to question 12, in which you had any direct or indirect beneficial
interest at any time during the last three years. For each such account, provide the
information requested by question 12.

_____

_____

_____

_____

14. List all securities or brokerage accounts (including foreign accounts), other than those
listed in your answer to question 12 or 13, over which you had any control at any time
during the last three years. For each such account, provide the information requested by
question 12.

_____

_____

_____

_____

Case 1:13-cv-10691-RWZ   Document 1-2   Filed 03/27/13   Page 37 of 107

Background Questionnaire
Page 4

## BANK ACCOUNTS

15.    List all accounts you have held in your name at any financial institution (i.e., bank, thrift, or credit union) at any time during the last three years. Include all foreign accounts. For each such account, identify: (i) the financial institution; (ii) the address of the branch at which your account is or was held; (iii) the type of account (i.e., checking, savings, money market or IRA); and (iv) whether any person has ever had discretionary authority or power of attorney over the account; if so, name such person(s).

_____

_____

_____

_____

16.    List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15, in which you had any direct or indirect beneficial interest at any time during the last three years. For each such account, provide the information requested by question 15.

_____

_____

_____

_____

17.    List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15 or 16, over which you had any control at any time during the last three years. For each such account, provide the information requested by question 15.

_____

_____

_____

Background Questionnaire
Page 5

<u>PRIOR PROCEEDINGS</u>

18.  Have you ever testified in any proceeding conducted by the staff of the Securities and
     Exchange Commission, a federal or state agency, a federal or state court, a stock
     exchange, the National Association of Securities Dealers ("NASD") or any other self-
     regulatory organization ("SRO"), or in any arbitration proceeding related to securities
     transactions? Yes __ No __

     If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the
     organization or agency; and (iii) the date(s) on which you testified.

     _____
     _____
     _____

19.  Have you ever been deposed in connection with any court proceeding?  Yes __ No __

     If yes, for each such proceeding, identify: (i) the title of the proceeding, and (ii) the
     date(s) on which you were deposed.

     _____
     _____
     _____

20.  Have you ever been named as a defendant or respondent in any action or proceeding
     brought by the SEC, any other federal agency, a state securities agency, the NASD or any
     stock exchange?  Yes __ No __

     If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the agency or
     tribunal; (iii) the substance of the allegations; (iv) the outcome of the proceeding; and (v)
     the date of the outcome.

     _____
     _____
     _____

Background Questionnaire
Page 6

21. Have you ever been a defendant in any action (other than those listed in response to question 20) alleging violations of the federal securities laws? Yes __ No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

_____
_____
_____
_____

22. Have you ever been a defendant in any criminal proceeding other than one involving a minor traffic offense? Yes __ No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

_____
_____
_____
_____

## EDUCATIONAL HISTORY

23. Provide the requested information about each educational institution that you have attended beyond junior high school, beginning with the most recent and working backward to the date that you completed high school.

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

Background Questionnaire
Page 7

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

24.    Other than courses taken in connection with institutions listed in response to question 23, list any securities or business related courses taken since high school. For each such course, identify the date that the course was completed and the name of the institution or organization that offered the course.

_____
_____
_____
_____

## PROFESSIONAL LICENSES/CLUBS

25.    Do you hold, or have you ever held, any professional license?  Yes___  No___

       If yes, for each such license, identify: (i) the license; (ii) the licensing organization; (iii) the date the license was awarded; (iv) the date such license terminated, if applicable; (v) the date(s) of any disciplinary proceeding(s) against you; and (vi) the outcome of any such disciplinary proceeding (e.g., reprimand, suspension, revocation).

_____
_____
_____
_____

26.    Are you, or have you ever been, a member of any professional or business club or organization?  Yes___  No___

Case 1:13-cv-10691-RWZ  Document 1-2   Filed 03/27/13   Page 41 of 107

Background Questionnaire
Page 8

If yes, list for each: (i) the name of the club or organization; (ii) its address; and (iii) the
date(s) of your membership.

_____

_____

_____

## EMPLOYMENT HISTORY

27.  State your employment activities, beginning with the present and working backward to
     the date that you completed high school.

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

Background Questionnaire
Page 9

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

CONTINUE ON ADDITIONAL SHEETS IF NECESSARY



# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

**In the Matter of BioChemics, Inc. (B-02641)**

To:  James Duke Garvin
c/o Jason C. Moreau, Esq.
Greenberg Traurig
One International Place
Boston, MA 02110

☐  **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

☒  **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, 23rd floor, Boston, Massachusetts  02110, on March 6, 2012 at 9:30 am.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _____          Date: 1/12/12

Joshua S. Ginspoon, Attorney
U.S. Securities and Exchange Commission
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:      If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

# SECURITIES AND EXCHANGE COMMISSION
## Washington, D.C. 20549

### Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena

**A. False Statements and Documents**

Section 1001 of Title 18 of the United States Code provides as follows:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

**B. Testimony**

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

> Whoever . . . having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly . . . willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true . . . is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years or both . . . .

5. *Fifth Amendment and Voluntary Testimony.* Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6.   *Formal Order Availability.*  If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## C. Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation.  Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding.  Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner.  It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto.  Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings.  That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## D. Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self addressed envelope.

## E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.*  The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment

Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

## F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

## G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

## H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

3

7. To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8. To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9. To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10. To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12. To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13. To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14. In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15. To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

17. To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18. To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19. To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20. To respond to subpoenas in any litigation or other proceeding.

4

21. To a trustee in bankruptcy.

22. To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

\* \* \* \* \*

*Small Business Owners:* The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-551-4933 or the SEC's Small Business Ombudsman at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.   .

## BACKGROUND QUESTIONNAIRE

**Please respond to the following questions in the space provided. If you need additional space for any response, you may attach additional pieces of paper.**

Today's date: _____

1.     What is your full name?

   _____

2.     Have you ever been known by any other name?  Yes __ No __

   If yes, list each such name and the period(s) in which you were known by that name.

   _____
   _____
   _____

3.     Social Security Number? _____

4.     Date and Place of Birth?

   _____

5.     Country of Citizenship?

   _____

6.     Marital Status?  Married __ Divorced __ Single __

   If you have ever been married, state for each marriage: (i) the date(s) of the marriage; (ii) the name of your spouse; and (iii) your spouse's maiden name, if any.

   _____
   _____

7.     List the names, ages and occupations of your children, if any.

   _____
   _____
   _____
   _____

Background Questionnaire
Page 2

8. List all residences you occupied at any time during the last three years, including vacation homes, beginning with your current residence. For each residence, state the address, dates of residence, and all telephone numbers (including facsimile numbers) listed at that address.

_____
_____
_____

9. List all telephone numbers and telephone credit card numbers that were in your name or that you regularly used at any time during the last three years. Include all residential, business, car, credit card and cellular telephone numbers, including those listed in your response to question 8. For each telephone number, state the name(s) of the corresponding long distance carrier(s) (e.g., Sprint, MCI, AT&T), if any.

_____
_____
_____

## PUBLICLY-HELD COMPANIES

10. Are you now, or have you ever been, an officer or director of any publicly-held company? Yes __ No __

If yes, identify each such company and state your positions and the dates you held each position.

_____
_____
_____

11. Are you now, or have you ever been, a beneficial owner, directly or indirectly, of five per cent or more of any class of equity securities of any publicly held company? Yes __ No __

If yes, identify each such company, and state the amount, percentage, and dates of your ownership.

_____
_____
_____

Background Questionnaire
Page 3

## SECURITIES ACCOUNTS

12.    List all securities or brokerage accounts that you have held in your name, individually or jointly, at any time during the last three years.  Include all foreign accounts.  For each such account, identify: (i) the brokerage firm; (ii) the location of the branch where your account is or was held; (iii) your broker; (iv) the type of account (i.e., cash, margin or IRA); and (v) whether any person has ever held discretionary authority or power of attorney over the account; if so, name such person(s).

_____

_____

_____

_____

13.    List all securities or brokerage accounts (including foreign accounts), other than those listed in your answer to question 12, in which you had any direct or indirect beneficial interest at any time during the last three years.  For each such account, provide the information requested by question 12.

_____

_____

_____

_____

14.    List all securities or brokerage accounts (including foreign accounts), other than those listed in your answer to question 12 or 13, over which you had any control at any time during the last three years.  For each such account, provide the information requested by question 12.

_____

_____

_____

Background Questionnaire
Page 4

## BANK ACCOUNTS

15.  List all accounts you have held in your name at any financial institution (i.e., bank, thrift,
     or credit union) at any time during the last three years. Include all foreign accounts. For
     each such account, identify: (i) the financial institution; (ii) the address of the branch at
     which your account is or was held; (iii) the type of account (i.e., checking, savings,
     money market or IRA); and (iv) whether any person has ever had discretionary authority
     or power of attorney over the account; if so, name such person(s).

     _____

     _____

     _____

     _____

     _____

16.  List all accounts at financial institutions (including foreign accounts), other than those
     listed in your answer to question 15, in which you had any direct or indirect beneficial
     interest at any time during the last three years. For each such account, provide the
     information requested by question 15.

     _____

     _____

     _____

     _____

     _____

17.  List all accounts at financial institutions (including foreign accounts), other than those
     listed in your answer to question 15 or 16, over which you had any control at any time
     during the last three years. For each such account, provide the information requested by
     question 15.

     _____

     _____

     _____

     _____

     _____

Case 1:13-cv-10691-RWZ   Document 1-2   Filed 03/27/13   Page 53 of 107

Background Questionnaire
Page 5

## PRIOR PROCEEDINGS

18.   Have you ever testified in any proceeding conducted by the staff of the Securities and Exchange Commission, a federal or state agency, a federal or state court, a stock exchange, the National Association of Securities Dealers ("NASD") or any other self-regulatory organization ("SRO"), or in any arbitration proceeding related to securities transactions?  Yes __  No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the organization or agency; and (iii) the date(s) on which you testified.

_____
_____
_____
_____

19.   Have you ever been deposed in connection with any court proceeding?  Yes __  No __

If yes, for each such proceeding, identify: (i) the title of the proceeding, and (ii) the date(s) on which you were deposed.

_____
_____
_____

20.   Have you ever been named as a defendant or respondent in any action or proceeding brought by the SEC, any other federal agency, a state securities agency, the NASD or any stock exchange?  Yes __  No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the agency or tribunal; (iii) the substance of the allegations; (iv) the outcome of the proceeding; and (v) the date of the outcome.

_____
_____
_____

Background Questionnaire
Page 6

21. Have you ever been a defendant in any action (other than those listed in response to question 20) alleging violations of the federal securities laws? Yes __ No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

_____

_____

_____

_____

22. Have you ever been a defendant in any criminal proceeding other than one involving a minor traffic offense? Yes __ No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

_____

_____

_____

_____

## EDUCATIONAL HISTORY

23. Provide the requested information about each educational institution that you have attended beyond junior high school, beginning with the most recent and working backward to the date that you completed high school.

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

| Name of School | | | |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

Background Questionnaire
Page 7

Name of School _____

| City | State | Country | Zip Code |

Dates of Attendance: Month/Year to Month/Year         Degree/Major         Month/Year of Degree


Name of School _____

| City | State | Country | Zip Code |

Dates of Attendance: Month/Year to Month/Year         Degree/Major         Month/Year of Degree

24.  Other than courses taken in connection with institutions listed in response to question 23, list any securities or business related courses taken since high school. For each such course, identify the date that the course was completed and the name of the institution or organization that offered the course.

_____

_____

_____


## PROFESSIONAL LICENSES/CLUBS

25.  Do you hold, or have you ever held, any professional license? Yes___ No___ .

If yes, for each such license, identify: (i) the license; (ii) the licensing organization; (iii) the date the license was awarded; (iv) the date such license terminated, if applicable; (v) the date(s) of any disciplinary proceeding(s) against you: and (vi) the outcome of any such disciplinary proceeding (e.g., reprimand, suspension, revocation).

_____

_____

_____

26.  Are you, or have you ever been, a member of any professional or business club or organization? Yes___ No___

Background Questionnaire
Page 8

If yes, list for each: (i) the name of the club or organization; (ii) its address; and (iii) the date(s) of your membership.

_____

_____

_____

_____

## EMPLOYMENT HISTORY

27.    State your employment activities, beginning with the present and working backward to the date that you completed high school.

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

Background Questionnaire
Page 9

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

CONTINUE ON ADDITIONAL SHEETS IF NECESSARY



## SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

**In the Matter of BioChemics, Inc. (B-02641)**

To:    John J. Masiz
       c/o Jason C. Moreau, Esq.
       Greenberg Traurig
       One International Place
       Boston, MA 02110

☐    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

☒    **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

    Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, 23rd floor, Boston, Massachusetts 02110, on March 13, 2012 at 9:30 am.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By:    _____    Date: 1/12/12
       Joshua S. Grinspoon, Attorney
       U.S. Securities and Exchange Commission
       33 Arch Street, 23rd Floor
       Boston, Massachusetts 02110

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:    If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

# SECURITIES AND EXCHANGE COMMISSION
## Washington, D.C. 20549

## Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena

### A. False Statements and Documents

Section 1001 of Title 18 of the United States Code provides as follows:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

### B. Testimony

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

   If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

   You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

   > A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

   If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

   > Whoever . . . having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly . . . willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true . . . is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years or both . . . .

5. *Fifth Amendment and Voluntary Testimony.* Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

SEC 1662 (09-11)

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6.   *Formal Order Availability.* If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

### C. Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

### D. Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self addressed envelope.

### E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment

Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

## F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

## G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

## H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

3

7. To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8. To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9. To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10. To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12. To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13. To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14. In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15. To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)). In the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

17. To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18. To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19. To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20. To respond to subpoenas in any litigation or other proceeding.

4

21. To a trustee in bankruptcy.

22. To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

* * * * *

*Small Business Owners*: The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-551-4933 or the SEC's Small Business Ombudsman at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.

## BACKGROUND QUESTIONNAIRE

**Please respond to the following questions in the space provided. If you need additional space for any response, you may attach additional pieces of paper.**

Today's date: _____

1.    What is your full name?

_____

2.    Have you ever been known by any other name?  Yes __ No __

If yes, list each such name and the period(s) in which you were known by that name.

_____

_____

_____

3.    Social Security Number? _____

4.    Date and Place of Birth?

_____

5.    Country of Citizenship?

_____

6.    Marital Status?  Married __ Divorced __ Single __

If you have ever been married, state for each marriage: (i) the date(s) of the marriage; (ii) the name of your spouse; and (iii) your spouse's maiden name, if any.

_____

_____

_____

7.    List the names, ages and occupations of your children, if any.

_____

_____

_____

_____

Background Questionnaire
Page 2

8. List all residences you occupied at any time during the last three years, including vacation homes, beginning with your current residence. For each residence, state the address, dates of residence, and all telephone numbers (including facsimile numbers) listed at that address.

_____

_____

_____

9. List all telephone numbers and telephone credit card numbers that were in your name or that you regularly used at any time during the last three years. Include all residential, business, car, credit card and cellular telephone numbers, including those listed in your response to question 8. For each telephone number, state the name(s) of the corresponding long distance carrier(s) (e.g., Sprint, MCI, AT&T), if any.

_____

_____

_____

## PUBLICLY-HELD COMPANIES

10. Are you now, or have you ever been, an officer or director of any publicly-held company? Yes __ No __

If yes, identify each such company and state your positions and the dates you held each position.

_____

_____

_____

11. Are you now, or have you ever been, a beneficial owner, directly or indirectly, of five per cent or more of any class of equity securities of any publicly held company? Yes __ No __

If yes, identify each such company, and state the amount, percentage, and dates of your ownership.

_____

_____

_____

Background Questionnaire
Page 3

## SECURITIES ACCOUNTS

12.   List all securities or brokerage accounts that you have held in your name, individually or
      jointly, at any time during the last three years.  Include all foreign accounts.  For each
      such account, identify: (i) the brokerage firm; (ii) the location of the branch where your
      account is or was held; (iii) your broker; (iv) the type of account (i.e., cash, margin or
      IRA); and (v) whether any person has ever held discretionary authority or power of
      attorney over the account; if so, name such person(s).

      _____

      _____

      _____

      _____

      _____


13.   List all securities or brokerage accounts (including foreign accounts), other than those
      listed in your answer to question 12, in which you had any direct or indirect beneficial
      interest at any time during the last three years.  For each such account, provide the
      information requested by question 12.

      _____

      _____

      _____

      _____


14.   List all securities or brokerage accounts (including foreign accounts), other than those
      listed in your answer to question 12 or 13, over which you had any control at any time
      during the last three years.  For each such account, provide the information requested by
      question 12.

      _____

      _____

      _____

      _____

Background Questionnaire
Page 4

## BANK ACCOUNTS

15.  List all accounts you have held in your name at any financial institution (i.e., bank, thrift, or credit union) at any time during the last three years. Include all foreign accounts. For each such account, identify: (i) the financial institution; (ii) the address of the branch at which your account is or was held; (iii) the type of account (i.e., checking, savings, money market or IRA); and (iv) whether any person has ever had discretionary authority or power of attorney over the account; if so, name such person(s).

_____

_____

_____

_____

_____

16.  List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15, in which you had any direct or indirect beneficial interest at any time during the last three years. For each such account, provide the information requested by question 15.

_____

_____

_____

_____

_____

17.  List all accounts at financial institutions (including foreign accounts), other than those listed in your answer to question 15 or 16, over which you had any control at any time during the last three years. For each such account, provide the information requested by question 15.

_____

_____

_____

_____

_____

Case 1:13-cv-10691-RWZ   Document 1-2   Filed 03/27/13   Page 68 of 107

Background Questionnaire
Page 5

## PRIOR PROCEEDINGS

18. Have you ever testified in any proceeding conducted by the staff of the Securities and Exchange Commission, a federal or state agency, a federal or state court, a stock exchange, the National Association of Securities Dealers ("NASD") or any other self-regulatory organization ("SRO"), or in any arbitration proceeding related to securities transactions? Yes __ No __

   If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the organization or agency; and (iii) the date(s) on which you testified.

   _____
   _____
   _____
   _____

19. Have you ever been deposed in connection with any court proceeding? Yes __ No __

   If yes, for each such proceeding, identify: (i) the title of the proceeding, and (ii) the date(s) on which you were deposed.

   _____
   _____
   _____
   _____

20. Have you ever been named as a defendant or respondent in any action or proceeding brought by the SEC, any other federal agency, a state securities agency, the NASD or any stock exchange? Yes __ No __

   If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the agency or tribunal; (iii) the substance of the allegations; (iv) the outcome of the proceeding; and (v) the date of the outcome.

   _____
   _____
   _____
   _____

Case 1:13-cv-10691-RWZ  Document 1-2  Filed 03/27/13  Page 69 of 107

Background Questionnaire
Page 6

21.    Have you ever been a defendant in any action (other than those listed in response to question 20) alleging violations of the federal securities laws?  Yes __  No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

_____
_____
_____
_____

22.    Have you ever been a defendant in any criminal proceeding other than one involving a minor traffic offense?  Yes __  No __

If yes, for each such proceeding, identify: (i) the title of the proceeding; (ii) the court or tribunal; (iii) the outcome of the proceeding; and (iv) the date of the outcome.

_____
_____
_____
_____

## EDUCATIONAL HISTORY

23.    Provide the requested information about each educational institution that you have attended beyond junior high school, beginning with the most recent and working backward to the date that you completed high school.

_____
Name of School

_____
City                State              Country              Zip Code

_____
Dates of Attendance: Month/Year to Month/Year        Degree/Major        Month/Year of Degree


_____
Name of School

_____
City                State              Country              Zip Code

_____
Dates of Attendance: Month/Year to Month/Year        Degree/Major        Month/Year of Degree

Background Questionnaire
Page 7

Name of School

| City | State | Country | Zip Code |
|------|-------|---------|----------|

| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

Name of School

| City | State | Country | Zip Code |
|------|-------|---------|----------|

| Dates of Attendance: Month/Year to Month/Year | | Degree/Major | Month/Year of Degree |

24.    Other than courses taken in connection with institutions listed in response to question 23, list any securities or business related courses taken since high school. For each such course, identify the date that the course was completed and the name of the institution or organization that offered the course.

PROFESSIONAL LICENSES/CLUBS

25.    Do you hold, or have you ever held, any professional license? Yes__ No __

If yes, for each such license, identify: (i) the license; (ii) the licensing organization; (iii) the date the license was awarded; (iv) the date such license terminated, if applicable; (v) the date(s) of any disciplinary proceeding(s) against you: and (vi) the outcome of any such disciplinary proceeding (e.g., reprimand, suspension, revocation).

26.    Are you, or have you ever been, a member of any professional or business club or organization? Yes __ No __

Background Questionnaire
Page 8

       If yes, list for each: (i) the name of the club or organization; (ii) its address; and (iii) the
       date(s) of your membership.

_____

_____

_____

## EMPLOYMENT HISTORY

27.    State your employment activities, beginning with the present and working backward to
       the date that you completed high school.

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|
| Employer's Street Address | | | Telephone Number |
| City | State | Country | Zip Code |
| Dates of Employment: Month/Year To Month/Year | | | |

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

Case 1:13-cv-10691-RWZ  Document 1-2  Filed 03/27/13  Page 72 of 107

Background Questionnaire
Page 9

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

| Employer's Name/Self-Employment | | | Your Title |
|---|---|---|---|

| Employer's Street Address | | | Telephone Number |
|---|---|---|---|

| City | State | Country | Zip Code |
|---|---|---|---|

Dates of Employment: Month/Year To Month/Year

## CONTINUE ON ADDITIONAL SHEETS IF NECESSARY



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
Boston Regional Office
33 Arch St., 23rd Floor
Boston, MA 02110-1424
Telecopier: (617) 573-4590

**DIVISION OF ENFORCEMENT**

Joshua S. Grinspoon
Attorney
(617) 573-4502

March 12, 2012

<u>Via UPS</u>

BioChemics, Inc.
c/o Jason Moreau, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA  02109

Re:   <u>In the Matter of BioChemics, Inc. (B-02641)</u>

Dear Mr. Moreau:

   Thank you for agreeing to accept service of this subpoena on behalf of your client, BioChemics, Inc. ("BioChemics").  I have enclosed a subpoena calling for the production of documents, data and information by BioChemics in connection with the above-referenced investigation.  The subpoena requires BioChemics to produce materials by 9:30 a.m. on March 27, 2012 to the SEC's Boston Regional Office.

Please send the materials to:

   Joshua S. Grinspoon, Attn: Timothy B. Bagley
   U.S. Securities and Exchange Commission
   Boston Regional Office
   33 Arch Street, 23rd Floor
   Boston, MA 02110-1424

   Please read carefully the subpoena and attachment and this letter.  Your client must comply with the subpoena and may be subject to a fine and/or imprisonment if it does not.

   For any materials that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please have the appropriate representative(s) of BioChemics complete a business records certification (a sample of which is enclosed) and return it with the document production.

BioChemics, Inc.
March 12, 2012
Page 2

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should identify the attorney and client involved. If you withhold anything on the basis of the work product doctrine, you should also identify the litigation in anticipation of which the document was prepared.

If documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such documents and give the date on which they were lost, discarded or destroyed.

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

The information your client provides is subject to the Commission's routine uses. A list of those uses is contained in the enclosed copies of SEC Form 1662, which also contain other important information. Please provide a copy of this form to your client. This investigation is confidential and nonpublic and should not be construed as an indication by the Commission or its staff that any violation of law has occurred, nor as a reflection upon any person, entity, or security.

If you have any questions or would like to discuss this matter, you may call me at (617) 573-4502.

Sincerely,

Joshua S. Grinspoon
Attorney

Enclosures:     Subpoena and Attachment
                SEC Data Delivery Standards
                SEC Form 1662
                Business Records Certification



# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

**In the Matter of BioChemics, Inc. (B-02641)**

To:    BioChemics, Inc.
c/o Jason Moreau, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA  02109

☒    **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, 23rd floor, Boston, Massachusetts  02110, no later than March 27, 2012 at 9:30 a.m.

☐    **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By:    _____    Date: _3/12/12_____
Joshua S. Grinspoon, Attorney
U.S. Securities and Exchange Commission
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under:  Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:    If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

**SUBPOENA ATTACHMENT FOR BIOCHEMICS, INC.**
**March 12, 2012**
In the Matter of BioChemics, Inc. (B-02641)

**A.     Definitions**

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1.    "BioChemics" means the entity doing business under the name "BioChemics, Inc.",  including any parents, subsidiaries, affiliates, predecessors, successors, officers (including without limitation John J. Masiz), directors, employees, agents, or partners of such entity, as well as any aliases, code names, or trade or business names used by any of the foregoing.

2.    "Suco" means the entity doing business under the name Suco International Corp., including any parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, or partners of such entity, as well as any aliases, code names, or trade or business names used by any of the foregoing.

3.    "NEBO" means the entity doing business under the name NEBO LLC, including any parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, members (including without limitation Carla Pallotta) or partners of such entity, as well as any aliases, code names, or trade or business names used by any of the foregoing.

4.    "Person" means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

5.    A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

6.    "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

7.  "Communication" means any correspondence, contact, discussion, e-mail, instant message, voicemail, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

8.  "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, pertaining to, regarding, discussing, showing, describing, analyzing or reflecting.

9.  An "Agreement" means any actual or contemplated (i) written or oral Agreement; (ii) term or provision of such Agreement; or (iii) amendment of any nature or termination of such Agreement. A request for any Agreement among or between specified parties includes a request for all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

10.  The term "you" and "your" means the Person or entity to whom this subpoena was issued.

11.  To the extent necessary to bring within the scope of this subpoena any information or Documents that might otherwise be construed to be outside its scope:

   a.  the word "or" means "and/or";
   b.  the word "and" means "and/or";
   c.  the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;
   d.  the masculine gender includes the female gender and the female gender includes the masculine gender; and
   e.  the singular includes the plural and the plural includes the singular.

**B.**  **Instructions**

1.  Unless otherwise specified, the subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form, except as specified herein. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All electronic Documents responsive to the Document subpoena, including all metadata, should also be produced in their native software format.

2.  For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you must secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

3.  Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

4.  In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5.  Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, i.e.., delineated with staples or paper clips to identify the Document boundaries.

6.  Documents should be labeled with sequential numbering (bates-stamped).

7.  **You must produce all Documents created during, or Concerning, the period January 1, 2009 to the present, unless otherwise specified.**

8.  The scope of any given request should not be limited or narrowed based on the fact that it calls for data or other information that is responsive to another request, including any in previously issued subpoenas.

9.  For any Documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please have the appropriate representative of your firm complete a business records certification (a sample of which is enclosed) and return it with the Document production.

10. This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what you are not producing. The list should describe each item separately, noting:

3

a.   its author(s);

b.   its date;

c.   its subject matter;

d.   the name of the Person who has the item now, or the last Person known to have it;

e.   the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;

f.   the basis upon which you are not producing the responsive Document;

g.   the specific request in the subpoena to which the Document relates;

h.   the attorney(s) and the client(s) involved; and

i.   in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

11.   If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

## C.   **Documents to be Produced**

1.   All Documents Concerning NEBO, including without limitation (a) all Documents Concerning Communications with NEBO, (b) all Documents Concerning Agreements between BioChemics and NEBO, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly, between BioChemics and NEBO.

2.   All statements for all credit cards used by officers of BioChemics (including without limitation John Masiz) in connection with BioChemics business and all Documents Concerning payment of such credit cards by BioChemics and any reimbursements of payments between any such officer and BioChemics.

3.   All Documents Concerning Communications between BioChemics and any accountant, forensic accountant or auditor.

4.   All Documents Concerning any sales representatives BioChemics has hired, contracted, or commissioned to sell its products.

5.   All Documents Concerning Suco, including without limitation (a) all Documents Concerning Communications with Suco, (b) all Documents Concerning Agreements between BioChemics and Suco, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly, between BioChemics and Suco.

6.   All Documents Concerning any Communications with any investor, prospective investor, or Person with which BioChemics has discussed or is discussing a potential business relationship from October 1, 2011 to the present, Concerning clinical trials for BioChemics product BC-IB-01, or any other BioChemics product that treats or is intended to treat osteoarthritis or to work with ibuprofen.

7.   All Documents Concerning any export certificate applied for or obtained from the United States Food and Drug Administration or any other governmental or regulatory body by or on behalf of BioChemics or Bioscriptives from January 1, 2011 to the present.

4



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Boston Regional Office
33 Arch St., 23rd Floor
Boston, MA 02110-1424
Telecopier: (617) 573-4590

**DIVISION OF ENFORCEMENT**

Joshua S. Grinspoon
Attorney
(617) 573-4502

March 14, 2012

<u>**Via UPS**</u>

John J. Masiz
c/o Jason Moreau, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA  02109

      Re:   <u>In the Matter of BioChemics, Inc. (B-02641)</u>

Dear Mr. Moreau:

      Pursuant to our telephone conversation on March 6, 2012 and your email dated March 13, 2012 in which you did not object to accepting service of this subpoena on behalf of your client John Masiz, enclosed is a subpoena dated March 14, 2012 directed to Mr. Masiz.  The subpoena requires Mr. Masiz to provide us with documents.

      Please have your client read the subpoena and this letter carefully.  This remainder of this letter is addressed to your client and answers some questions he may have about the subpoena. Your client should also read the enclosed SEC Form 1662.  Your client must comply with the subpoena.  Your client may be subject to a fine and/or imprisonment if he does not.

**<u>Producing Documents</u>**

*What materials do I have to produce?*

      The subpoena requires you to provide us the documents described in the attachment to the subpoena.  You must provide these documents by March 29, 2012.  The attachment to the subpoena defines some terms (such as "document") before listing what you must provide.

      You should produce each and every document in your possession, custody, or control, including any documents that are not in your immediate possession but that you have the ability to obtain.  All responsive documents shall be produced as they are kept in the usual course of business, and shall be organized and labeled to correspond with the numbered paragraphs in the

Mr. John Masiz, c/o Jason Moreau, Esq.
March 14, 2012
Page 2

subpoena attachment. In that regard, documents should be produced in a unitized manner, *i.e.*, delineated with staples or paper clips to identify the document boundaries.

Documents responsive to this subpoena may be in electronic or paper form. Electronic documents such as email should be produced in accordance with the attached document entitled SEC Data Delivery Standards (the "Standards"). If you have any questions concerning the production of documents in an electronic format, please contact me as soon as possible but in any event before producing documents. **All electronic documents responsive to the document subpoena, including all metadata, must also be secured and retained in their native software format and stored in a safe place.** The staff may later request or require that you produce the native format.

For documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy documents and produce them in an electronic format consistent with the Standards. Alternatively, you may send us photocopies of the documents in paper format. **If you choose to send copies, you _must_ secure and retain the originals and store them in a safe place.** The staff may later request or require that you produce the originals.

Whether you scan or photocopy documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

If you <u>do</u> send us scanned or photocopied documents, please put an identifying notation on each page of each document to indicate that you produced it, and number the pages of all the documents submitted. (For example, if Jane Doe sends documents to the staff, she may number the pages JD-1, JD-2, JD-3, etc., in a blank corner of the documents.) Please make sure the notation and number do not conceal any writing or marking on the document. If you send us originals, please do not add any identifying notations.

In producing a photocopy of an original document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original document, photocopies of the original document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

*Do I need to send anything else?*

You should enclose a list briefly describing each item you send. The list should state to which numbered paragraph(s) in the subpoena attachment each item responds.

Mr. John Masiz, c/o Jason Moreau, Esq.
March 14, 2012
Page 3

Please include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

Please also provide a narrative description describing what you did to identify and collect documents responsive to the subpoena. At a minimum, the narrative should describe:

- who searched for documents;

- who reviewed documents found to determine whether they were responsive;

- what sources were searched (e.g., computer files, CDs, DVDs, thumb drives, flash drives, online storage media, hard copy files, diaries, datebooks, planners, filing cabinets, home office, work office, voice mails, home email, webmail, work email, backup tapes or other media);

- what third parties, if any, were contacted to obtain responsive documents (e.g., phone companies for phone records, brokerage firms for brokerage records); and

- where the original electronic and hardcopy documents are maintained and by whom.

*What if I do not send everything described in the attachment to the subpoena?*

The subpoena requires you to send <u>all</u> the materials described in it. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the subpoena, you should submit a list of what you are not producing. The list should describe each item separately, noting:

- its author(s);

- its date;

- its subject matter;

- the name of the person who has the item now, or the last person known to have it;

- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;

- the reason you did not produce the item; and

- the specific request in the subpoena to which the document relates.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should identify the attorney and client involved. If you withhold anything on the basis of the work product doctrine, you should also identify the litigation in anticipation of which the document was prepared.

Mr. John Masiz, c/o Jason Moreau, Esq.
March 14, 2012
Page 4

If documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such documents and give the date on which they were lost, discarded or destroyed.

*Where should I send the materials?*

Please send the materials to:

> Joshua S. Grinspoon, <u>Attn</u>: Timothy Bagley
> U.S. Securities and Exchange Commission
> Boston Regional Office
> 33 Arch Street, 23rd Floor
> Boston, MA 02110-1424

## Other Important Information

*May I have a lawyer help me respond to the subpoena?*

Yes. You have the right to consult with and be represented by your own lawyer in this matter. We cannot give you legal advice.

*What will the Commission do with the materials I send?*

The enclosed SEC Form 1662 includes a List of Routine Uses of information provided to the Commission. This form has other important information for you. Please read it carefully.

*Has the Commission determined that anyone has done anything wrong?*

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation and the subpoena do not mean that we have concluded that you or anyone else has broken the law. Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

*I have read this letter, the subpoena, and the SEC Form 1662, but I still have questions. What should I do?*

If you have any other questions, you may call me at (617) 573-4502. If you are represented by a lawyer, you should have your lawyer contact me.

Mr. John Masiz, c/o Jason Moreau, Esq.
March 14, 2012
Page 5

                                        Sincerely,

                                        Joshua S. Grinspoon
                                        Attorney

Enclosures:    Subpoena and Attachment
               SEC Data Delivery Standards
               SEC Form 1662



# SUBPOENA

# UNITED STATES OF AMERICA
# SECURITIES AND EXCHANGE COMMISSION

**In the Matter of BioChemics, Inc. (B-02641)**

To:     Mr. John J. Masiz
        c/o Jason Moreau, Esq.
        McDermott Will & Emery LLP
        28 State Street
        Boston, MA 02109

☒     **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, 23rd floor, Boston, Massachusetts 02110, no later than March 29, 2012 at 9:30 a.m.

☐     **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By:                                                        Date: 3/14/12

Joshua S. Grinspoon, Attorney
U.S. Securities and Exchange Commission
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under: Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:      If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

**SUBPOENA ATTACHMENT FOR J OHN J. MASIZ**
**March 14, 2012**
In the Matter of BioChemics, Inc. (B-02641)

## A.     Definitions

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1.     "BioChemics" means the entity doing business under the name "BioChemics,
       Inc.", including any parents, subsidiaries, affiliates, predecessors, successors,
       officers (including without limitation John J. Masiz), directors, employees, agents,
       or partners of such entity, as well as any aliases, trade or business names used by
       any of the foregoing.

2.     "Person" means a natural person, firm, association, organization, partnership,
       business, trust, corporation, limited liability company, bank or any other private
       or public entity.

3.     "Document" shall include, but is not limited to, any written, printed, or typed
       matter including, but not limited to all drafts and copies bearing notations or
       marks not found in the original, letters and correspondence, interoffice
       communications, slips, tickets, records, worksheets, financial records, accounting
       documents, bookkeeping documents, memoranda, reports, manuals, telephone
       logs, telegrams, facsimiles, messages of any type, telephone messages, voice
       mails, tape recordings, notices, instructions, minutes, summaries, notes of
       meetings, file folder markings, and any other organizational indicia, purchase
       orders, information recorded by photographic process, including microfilm and
       microfiche, computer printouts, spreadsheets, and other electronically stored
       information, including but not limited to writings, drawings, graphs, charts,
       photographs, sound recordings, images, and other data or data compilations that
       are stored in any medium from which information can be retrieved, obtained,
       manipulated, or translated.

4.     "Communication" means any correspondence, contact, discussion, e-mail, instant
       message, voicemail, or any other kind of oral or written exchange or transmission
       of information (in the form of facts, ideas, inquiries, or otherwise) and any
       response thereto between two or more Persons or entities, including, without
       limitation, all telephone conversations, face-to-face meetings or conversations,
       internal or external discussions, or exchanges of a Document or Documents.

5.     "Concerning" means directly or indirectly, in whole or in part, describing,
       constituting, evidencing, recording, evaluating, substantiating, concerning,
       referring to, alluding to, in connection with, commenting on, relating to,
       pertaining to, regarding, discussing, showing, describing, analyzing or reflecting.

6.     An "Agreement" means any actual or contemplated (i) written or oral Agreement;
       (ii) term or provision of such Agreement; or (iii) amendment of any nature or
       termination of such Agreement.  A request for any Agreement among or between

1

specified parties includes a request for all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

7.  The term "you" and "your" means the Person or entity to whom this subpoena was issued.

8.  To the extent necessary to bring within the scope of this subpoena any information or Documents that might otherwise be construed to be outside its scope:

    a.  the word "or" means "and/or";
    b.  the word "and" means "and/or";
    c.  the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;
    d.  the masculine gender includes the female gender and the female gender includes the masculine gender; and
    e.  the singular includes the plural and the plural includes the singular.

## B.  Instructions

1.  Unless otherwise specified, the subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All electronic Documents responsive to the Document subpoena, including all metadata, must also be secured and retained in their native software format and stored in a safe place. The staff may later request or require that you produce the native format.

2.  For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you must secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

3.  Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy

2

and the one with notes.

4.  In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5.  Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, i.e., delineated with staples or paper clips to identify the Document boundaries.

6.  Documents should be labeled with sequential numbering (bates-stamped).

7.  **You must produce all Documents created during, or Concerning, the period January 1, 2009 to the Present, unless otherwise specified.**

8.  The scope of any given request should not be limited or narrowed based on the fact that it calls for Documents that are responsive to another request.

9.  This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what you are not producing. The list should describe each item separately, noting:

    a.  its author(s);
    b.  its date;
    c.  its subject matter;
    d.  the name of the Person who has the item now, or the last Person known to have it;
    e.  the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
    f.  the basis upon which you are not producing the responsive Document;
    g.  the specific request in the subpoena to which the Document relates;
    h.  the attorney(s) and the client(s) involved; and
    i.  in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

10. If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

11. **If any Document responsive to this subpoena is identical in all respects to any Document that has been produced by BioChemics in response to the**

subpoena issued to BioChemics, Inc. dated May 9, 2011 or the subpoena issued to BioChemics, Inc. dated September 12, 2011, such Document is not required to be produced in response to this Subpoena.

C.  **Documents to be Produced**

1.  All Documents Concerning BioChemics.

2.  All Documents evidencing payments or transfer of anything of value, directly or indirectly, (a) from you (or any Person owned or controlled by you) to BioChemics or (b) from BioChemics to you (or any Person owned or controlled by you), from the inception of BioChemics to the present.

3.  All Documents Concerning any indebtedness owed (a) from you (or any Person owned or controlled by you) to BioChemics or (b) from BioChemics to you (or any person owned or controlled by you), from the inception of BioChemics to the present.

4.  All Documents Concerning any investment by you (or any Person owned or controlled by you) in BioChemics from the inception of BioChemics to the present.

5.  All Documents Concerning any money raised by you, in connection with offers or sales of warrants to purchase shares of, or other securities issued by, BioChemics, including without limitation all Documents evidencing the name of each offeree, purchaser or investor, the amount of money raised from each purchaser or investor, the use to which those proceeds were put, and all Documents Concerning such investments, including without limitation all Documents Concerning Communications with such offerees, purchasers or investors.

6.  All Documents (including without limitation all Communications, solicitation or promotional documents, offering documents or private placement memoranda, and any financial or other information) shown or provided, directly or indirectly, by you (or any Person or Representative on your behalf) to any investor, prospective investor or offeree in or of any shares of, warrants to purchase shares of, or other securities issued by, BioChemics.

7.  All tax returns, state and federal, filed by you.

8.  All bank account and brokerage account statements that are held by you or are in your name, legally or beneficially.

9.  All Documents Concerning Frontier Holdings Company, Inc. ("Frontier)", including without limitation (a) all Documents Concerning Communications with Frontier and any of its principals or agents, (b) all Documents Concerning Agreements between BioChemics and Frontier, and all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and Frontier.

10.  All Documents Concerning VNA Holdings LLC ("VNA"), including without limitation (a) all Documents Concerning Communications with VNA and any of its principals or agents, (b) all Documents Concerning Agreements between

4

BioChemics and VNA, and all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and VNA.

11.     (a) All Documents Concerning Communications between BioChemics and JMS Sylvan Realty Trust (or J.M.S. Realty Trust, as the case may be) ("JMS) and any of its principals and agents, (b) all Documents Concerning Agreements between BioChemics and JMS, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and JMS from the inception of BioChemics to the present.

12.     (a) All Documents Concerning Communications between BioChemics and 114 Sylvan Street Realty Trust ("114 Sylvan") and any of its principals and agents, (b) all Documents Concerning Agreements between BioChemics and 114 Sylvan, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and 114 Sylvan from the inception of BioChemics to the present.

13.     (a) All Documents Concerning Communications between BioChemics and Chester Mscisz, (b) all Documents Concerning Agreements between BioChemics and Chester Mscisz, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and Chester Mscisz from the inception of BioChemics to the present.

14.     (a) All Documents Concerning Communications between BioChemics and Carol Mscisz, (b) all Documents Concerning Agreements between BioChemics and Carol Mscisz, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and Carol Mscisz from the inception of BioChemics to the present.

15.     (a) All Documents Concerning Communications between BioChemics and Perry Realty Trust ("Perry") and any of its principals and agents, (b) all Documents Concerning Agreements between BioChemics and Perry, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and Perry from the inception of BioChemics to the present.

16.     (a) All Documents Concerning Communications between BioChemics and Mscisz Nominee Trust ("MNT") and any of its principals and agents, (b) all Documents Concerning Agreements between BioChemics and MNT, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and MNT from the inception of BioChemics to the present.

17.     (a) All Documents Concerning Communications between BioChemics and Endicott Realty Trust ("Endicott") and any of its principals and agents, (b) all Documents Concerning Agreements between BioChemics and Endicott, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and Endicott from  to the present.

18.     (a) All Documents Concerning Communications between BioChemics and Danversport Ltd. Partnership ("Danversport) and any of its principals and agents, (b) all Documents Concerning Agreements between BioChemics and Danversport, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and Danversport from the inception of BioChemics to the present.

19.   (a) All Documents Concerning Communications between BioChemics and Maple St. Realty Trust ("Maple") and any of its principals and agents, (b) all Documents Concerning Agreements between BioChemics and Maple, and (c) all Documents Concerning transfers of money or any thing of value, directly or indirectly between BioChemics and Maple from the inception of BioChemics to the present.

20.   Documents sufficient to substantiate the statement that: "From 1989 to 1995, Mr. Masiz founded and oversaw a staffing company, Endicott & Colby, with another partner and grew the Company to annual sales of approximately $10 million, one of the largest staffing companies in Eastern Massachusetts."

21.   Documents sufficient to show the current status of Endicott & Colby. If Endicott & Colby is no longer in business, provide Documents sufficient to show the circumstances surrounding it ceasing to conduct business.

22.   All Documents Concerning any state or federal tax lien that may exist or may have existed with respect to Endicott & Colby.



**KAUFMAN BORGEEST & RYAN LLP**

200 SUMMIT LAKE DRIVE, VALHALLA, NY 10595
TEL: 914.449.1000   FAX: 914.449.1100   WWW.KBRLAW.COM

May 18, 2012

WAYNE E. BORGEEST
DIRECT: 914.449.1002
WBORGEEST@KBRLAW.COM

JOSHUA DILENA
DIRECT: 914.449.1119
JDILENA@KBRLAW.COM

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Law Offices of William J. Wright
1118 East Seventh Street
Plainfield, NJ 07062

Attn:  William J. Wright, Esq.

Re:     Insured        :     BioChemics, Inc.
        Policy No.     :     RON 764017/01/2011
        Claim No.      :     BH 74967
        Company        :     AXIS Reinsurance Company
        Claim          :     *In the Matter of BioChemics, Inc.* (B-02641)
                       :     (the "SEC Investigation")
        Our File No.   :     481.067

Dear Mr. Wright:

Please be advised that our firm has been retained to represent the interests of AXIS
Reinsurance Company ("AXIS"), which issued its Privatus Policy No. RON764017/01/2011
(Including Directors, Officers and Corporate Liability, Employment Practices Liability, Fiduciary
Liability and Outside Directorship Liability Insurance) (the "Policy") to BioChemics, Inc.
("BioChemics"). BioChemics has submitted several subpoenas issued by the Boston Regional
Office of the Securities and Exchange Commission evidencing a formal investigation styled In
the Matter of BioChemics, Inc. (B-02641) (the "SEC Investigation"). This matter was initially
submitted to AXIS via correspondence from you dated March 29, 2012.

We are directing this letter to your attention in your capacity as the designated representative of
the Insured with respect to insurance coverage matters. If you are not acting on behalf of the
Insured, please direct a copy of this letter to the appropriate party and advise us immediately of
that party's identity. Please direct to the undersigned -- on behalf of AXIS -- all future
communications with respect to insurance coverage matters.

NEW YORK CITY        WESTCHESTER        LONG ISLAND        NEW JERSEY        LOS ANGELES

1863971

BioChemics, Inc.
481.067
Page 2

## INTRODUCTION

For the reasons set forth below, AXIS has concluded that no coverage is available for the above-referenced matter under the Policy.

Please be advised that nothing said or unsaid in this letter, nor any additional communications with you or any other party, should be considered a waiver or concession that coverage exists under the Policy. All rights of AXIS under the Policy, at law and in equity should be considered fully and specifically reserved at all times.

## THE POLICY

The above-mentioned Policy is effective on a "Claims Made and Reported" basis for the Policy Period of November 13, 2011 to November 13, 2012. The limit of the Policy is $5 million, subject to a $50,000 Retention for each Claim first made and reported in writing during the Policy Period under Insuring Agreements A and B; and a nil Retention for each Claim first made and reported in writing during the Policy Period under Insuring Agreements C and D.

## BACKGROUND

On May 9, 2011, the SEC issued a subpoena "In the Matter of BioChemics, Inc. (B-02641)" to BioChemics (the "BioChemics Subpoena"). The BioChemics Subpoena demanded the production of a number of documents, including, but not limited to, documents concerning BioChemics' investors and lenders, public statements, fundraising efforts and correspondence between a number of identified individuals and companies.

An additional document subpoena was issued to BioChemics' President and CEO John J. Masiz on March 14, 2012 (the "Masiz Subpoena"). In addition to the aforementioned document subpoenas, the SEC also issued subpoenas to a number of BioChemics' principals and/or employees to give testimony before the SEC, including the following: John J. Masiz; Elizabeth Russo; James Duke Garvin; Kevin Cassidy; Joseph Frattaroli; and Dr. Stephen Carter. Each subpoena was identified as pertaining to the Matter of BioChemics, Inc. (collectively, the "Inidividual Testimony Subpoenas"). All of the subsequent subpoenas were issued "In the Matter of BioChemics, Inc. (B-02641)."

## COVERAGE EVALUATION

The Policy contains multiple Insuring Agreements. They are as follows: Insuring Agreement A – Directors, Officers and Corporate Liability; Insuring Agreement B – Employment Practices Liability; Insuring Agreement C – Fiduciary Liability; and Insuring Agreement D – Outside Executive Liability. The only Insuring Agreement which is potentially applicable to this matter appears to be Insuring Agreement A.

We initially direct your attention to the following pertinent Policy provisions.

The term "**Claim**" is defined in Section III.B.1. as a "**D&O Claim**," which is defined, in turn, as follows:

   **D&O Claim** means:

---

KAUFMAN BORGEEST & RYAN LLP

BioChemics, Inc.
481.067
Page 3

    a.    a written demand against an **Insured** for monetary or non-monetary relief;

    b.    a civil, arbitration, administrative or regulatory proceeding against any **Insured** commenced by:

        (i)    the service of a complaint or similar pleading;

        (ii)    the filing of a notice of charge, investigative order or like document; or

        (iii)    written notice or subpoena from an authority identifying such **Insured** as an entity or person against whom a formal proceeding may be commenced; or

           \*      \*      \*

AXIS agrees that the SEC Investigation in BioChemics constitutes a **D&O Claim** and thus a **Claim** as defined in the Policy. Specifically, this matter involves an administrative or regulatory proceeding against an **Insured** (BioChemics) commenced by the filing of a formal investigative order by the SEC. The Subpoenas, by their plain terms, identify BioChemics as the target of the SEC's investigation. In addition, the BioChemics Subpoena constitutes a subpoena from an authority which clearly identifies BioChemics as an entity against whom a formal proceeding may be commenced.

While the SEC Investigation constitutes a **Claim** as defined by the Policy, it is clear that this **Claim** was initially made on May 9, 2011, when the SEC issued its initial subpoena "In the Matter of BioChemics, Inc. (B-02641)," over six months prior to the commencement of the Policy Period. In this regard, we direct your attention to the following pertinent Policy provisions.

Insuring Agreement A provides coverage for "all **Loss** on behalf of any **Insured** arising from any **D&O Claim** for a **Wrongful Act** . . . first made against such **Insured**"

    during the **Policy Period** or Extended Reporting Period, if applicable, and reported in writing to the Insurer as soon as practicable after any of the **Policyholder's Executive Officers** first becomes aware of such **Claim**, but in no event later than sixty (60) days after the expiration of the **Policy Period** or extended Reporting Period, if applicable.

Section V. of the Policy ("Limits of Liability, Retention, Defense and Settlement") provides, in pertinent part, as follows:

           \*      \*      \*

    All **Claims**, including **D&O Claims** . . . arising from the same **Wrongful Act**, **Wrongful Third Party Act**, and all **Interrelated Wrongful Acts** shall be deemed one **Claim** and such **Claim** shall

BioChemics, Inc.
481.067
Page 4

be deemed to be first made on the earlier date that:  (1) any of the **Claims** is first made against an **Insured** under this Policy or any prior policy . . . .  Coverage under this Policy shall apply only with respect to **Claims** deemed to have been first made during the **Policy Period** and reported in writing to the Insurer in accordance with the terms herein.

The SEC Investigation constitutes a Claim first made on or about March 9, 2011, prior to the inception of the Policy Period.  Further, to the extent that the SEC ultimately decides to pursue an Enforcement Action against BioChemics or any of its officers, directors or employees, such a matter would clearly constitute a Claim arising from the same Wrongful Act or Interrelated Wrongful Acts, and will be deemed to have been first made on March 9, 2011, prior to the inception of the Policy Period.  **Therefore, because the Claim was not made during the Policy Period, coverage is not available for the SEC Investigation**.

Please be further advised that AXIS reserves all rights and defenses it may have under the Policy, at law and in equity, whether or not specifically referenced herein, to deny coverage and/or rescind the Policy upon any terms, conditions, exclusions, endorsements, and other provisions of the Policy, including statements, declarations, and omissions made in connection with the application(s) therefore, as may apply.  No present or subsequent action taken by AXIS is to be construed as a waiver of any position set forth in this letter or any rights otherwise available to it pursuant to the Policy, at law or in equity.

If you have any questions concerning anything set forth in this letter, or have any information which might cause our client to alter or reconsider its coverage position, please do not hesitate to contact us.

Very truly yours,

KAUFMAN BORGEEST & RYAN LLP

Wayne E. Borgeest
Joshua DiLena

cc:    Matthew Odalen
       (Via Email Only: matthew.odalen@axiscapital.com)

---

KAUFMAN BORGEEST & RYAN LLP

1863971



**KAUFMAN BORGEEST & RYAN LLP**

200 SUMMIT LAKE DRIVE, VALHALLA, NY 10595
TEL: 914.449.1000   FAX: 914.449.1100   WWW.KBRLAW.COM

December 11, 2012

WAYNE E. BORGEEST
DIRECT: 914.449.1002
WBORGEEST@KBRLAW.COM

JOSHUA DILENA
DIRECT: 914.449.1119
JDILENA@KBRLAW.COM

VIA EMAIL ONLY (williamjwright@aol.com)

Law Offices of William J. Wright
1118 East Seventh Street
Plainfield, NJ 07062

Attn:  William J. Wright, Esq.

| Re: | Insured | : | BioChemics, Inc. |
|-----|---------|---|------------------|
| | Policy No. | : | RON 764017/01/2011 |
| | Claim No. | : | BH 74967 |
| | Company | : | AXIS Reinsurance Company |
| | Claim | : | *In the Matter of BioChemics, Inc.* (B-02641) |
| | | : | (the "SEC Investigation") |
| | Our File No. | : | 481.067 |

Dear Mr. Wright:

As you are aware, our firm has been retained to represent the interests of AXIS Reinsurance Company ("AXIS"), which issued its Privatus Policy No. RON764017/01/2011 (Including Directors, Officers and Corporate Liability, Employment Practices Liability, Fiduciary Liability and Outside Directorship Liability Insurance) (the "Policy") to BioChemics, Inc. ("BioChemics"). BioChemics submitted an investigation by the Boston Regional Office of the Securities and Exchange Commission evidencing a formal investigation styled In the Matter of BioChemics, Inc. (B-02641) (the "SEC Investigation") for coverage under the Policy.  This letter supplements our letter dated May 18, 2012.

We are directing this letter to your attention in your capacity as the designated representative of the Insured with respect to insurance coverage matters.  If you are not acting on behalf of the Insured, please direct a copy of this letter to the appropriate party and advise us immediately of that party's identity.  Please direct to the undersigned -- on behalf of AXIS -- all future communications with respect to insurance coverage matters.

2055929

BioChemics, Inc.
481.067
Page 2

## INTRODUCTION

Pursuant to our May 18, 2012 letter and as discussed in more detail below, AXIS denied coverage for the SEC Investigation on the grounds that it did not constitute a "Claim" first made during the Policy Period of November 13, 2011 to November 13, 2012. On August 2, 2012, you initially contacted our office indicating that BioChemics disagreed with the basis for AXIS's coverage denial. Thereafter, we participated in meetings with you and BioChemics' chosen Defense Counsel John Sten and Jason Moreau of McDermott Will & Emery ("Defense Counsel") to ascertain the specific grounds for your disagreement, and encouraged BioChemics to provide additional documents to determine whether coverage is, in fact, available under the Policy. *Having had the opportunity to review the documents provided to date, it remains AXIS's position that coverage is not available under the Policy for the SEC Investigation.*

Notwithstanding AXIS's position that coverage is unavailable under the Policy, we note that this position is based upon oral communications and the documentary evidence in our possession. To the extent that BioChemics continues to disagree with AXIS's coverage denial, takes issue with our characterization of BioChemics' arguments in favor of coverage addressed below, or would like to direct additional documents to AXIS's attention, we encourage you to respond in writing. Based upon your communications with us in August, we understand that you had begun preparing a written response to AXIS's coverage position at the time, and would certainly be willing to consider any additional arguments in favor of coverage that BioChemics cares to advance.

Please be advised that nothing said or unsaid in this letter, nor any additional communications with you or any other party, should be considered a waiver or concession that coverage exists under the Policy. All rights of AXIS under the Policy, at law and in equity should be considered fully and specifically reserved at all times.

## THE POLICY

The above-mentioned Policy is effective on a "Claims Made and Reported" basis for the Policy Period of November 13, 2011 to November 13, 2012. The limit of the Policy is $5 million, subject to a $50,000 Retention for each Claim first made and reported in writing during the Policy Period under Insuring Agreements A and B; and a nil Retention for each Claim first made and reported in writing during the Policy Period under Insuring Agreements C and D.

## BACKGROUND

BioChemics initially submitted the SEC Investigation for coverage by providing the following documents:

- A May 9, 2011 subpoena for the production of documents issued by the SEC "In the Matter of BioChemics, Inc. (B-02641)" to BioChemics (the "BioChemics Subpoena");

- Three subpoenas dated January 5, 2012, for the sworn testimony of Kevin Cassidy, Joseph Frattaroli and Dr. Stephen Carter, and three subpoenas dated January 12, 2012, for the sworn testimony of Elizabeth Russo, James Duke Garvin and John Masiz, each

BioChemics, Inc.
481.067
Page 3

issued by the SEC "In the Matter of BioChemics, Inc. (B-02641)" (the "Individual Testimony Subpoenas"); and

- A March 14, 2012 subpoena for the production of documents issued by the SEC "In the Matter of BioChemics, Inc. (B-02641)" to John Masiz (the "Masiz Subpoena").

As discussed in more detail below, pursuant to our letter dated May 18, 2012, AXIS denied coverage for the SEC Investigation on the grounds that it did not constitute a "D&O Claim" first made during the Policy Period, based upon the fact that the BioChemics Subpoena was issued on May 9, 2011, over six months prior to the Policy's inception.

On August 2, 2012, you contacted our office indicating that BioChemics did not agree with AXIS's coverage denial. Over the course of the past four months, we have had multiple discussions with you concerning this matter, including during meetings at our office on September 20, 2012 and at Defense Counsel's office in New York on October 10, 2012, along with various telephone conversations. Based upon these discussions, we understand that BioChemics' primary contention is that the initial stage of the investigation, beginning with the BioChemics Subpoena on May 9, 2011, constitutes a separate and distinct D&O Claim from the subsequent stage of the investigation, beginning with the Individual Testimony Subpoenas dated January 5, 2012.

Because the Insured bears the initial burden of establishing that coverage is available under the Policy's Insuring Agreement,[1] we have indicated on a number of occasions that BioChemics needs to provide sufficient objective evidence to establish that coverage is, in fact, available under the Policy. In order to assist the Insured, we previously identified -- by emails dated September 20, October 19, November 16 and November 27, as well as during various phone conversations -- a number of documents that AXIS would likely need to review in order to determine whether BioChemics' arguments in favor of coverage have merit, including the following:

- All correspondence/documents sent by the SEC to BioChemics or its defense counsel, including the Subpoena dated September 12, 2011 issued to BioChemics which was not provided initially;

- Relevant information concerning the "Texas Plaintiffs" who BioChemics claims spurred the initial investigation;

- The Wells Submission prepared by Defense Counsel and submitted to the SEC; and

- Copies of the deposition transcripts for those individuals who were subject to the Individual Witness Subpoenas on January 5 and January 12, 2012.

You provided the majority of the requested documents on November 27, 2012, including the deposition transcripts of Kevin Cassidy, Joseph Frattaroli, Dr. Stephen Carter, Elizabeth Russo, and James Duke Garvin. While we have yet to receive the September 12, 2011 Subpoena

---

[1] See, e.g., B&T Masonry Const. Co. v. Public Serv. Mut. Ins. Co., 382 F.3d 36 (1st Cir. 2001) (applying Massachusetts law).

BioChemics, Inc.
481.067
Page 4.

despite several requests (or any additional correspondence/documents sent by the SEC), we take this opportunity to supplement AXIS's coverage position based upon the additional information received to date, and in light of your representations that BioChemics is eagerly awaiting a response from AXIS concerning the discussions that have taken place to date.

## SUPPLEMENTAL COVERAGE EVALUATION

We initially direct your attention to the following pertinent Policy provisions.

Insuring Agreement A, which is the only Insuring Agreement potentially applicable to this matter, provides as follows:

> The Insurer shall pay in connection with a **Wrongful Act** as per the appropriate Insuring Agreements below, which takes place before or during the **Policy Period**:
>
> DIRECTORS, OFFICERS AND CORPORATE LIABILITY
>
> (a)   all **Loss** on behalf of any **Insured** arising from any **D&O Claim** for a **Wrongful Act** . . . first made against such **Insured**
>
> \*        \*        \*
>
> during the **Policy Period** or Extended Reporting Period, if applicable, and reported in writing to the Insurer as soon as practicable after any of the **Policyholder's Executive Officers** first becomes aware of such **Claim**, but in no event later than sixty (60) days after the expiration of the **Policy Period** or extended Reporting Period, if applicable.

The term "**D&O Claim**" is defined, in pertinent part, as follows:

> \*        \*        \*
>
> b.   a civil, arbitration, administrative or regulatory proceeding against any **Insured** commenced by:
>
> (i)    the service of a complaint or similar pleading;
>
> (ii)   the filing of a notice of charge, investigative order or like document; or
>
> (iii)  written notice or subpoena from an authority identifying such **Insured** as an entity or person against whom a formal proceeding may be commenced; or
>
> \*        \*        \*

KAUFMAN BORGEEST & RYAN LLP

2055929

BioChemics, Inc.
481.067
Page 5

Section V. of the Policy ("Limits of Liability, Retention, Defense and Settlement") provides, in pertinent part, as follows:

\*       \*       \*

> All **Claims**, including **D&O Claims** . . . arising from the same **Wrongful Act, Wrongful Third Party Act**, and all **Interrelated Wrongful Acts** shall be deemed one **Claim** and such **Claim** shall be deemed to be first made on the earlier date that: (1) any of the **Claims** is first made against an **Insured** under this Policy or any prior policy . . . . Coverage under this Policy shall apply only with respect to **Claims** deemed to have been first made during the **Policy Period** and reported in writing to the Insurer in accordance with the terms herein.

The term "**Wrongful Act**" is defined in Section III.B.5 of the Policy as follows:

> **Wrongful Act** means:
>
> a.    any actual or alleged error, misstatement, misleading statement, act, omission, neglect or breach of duty by:
>
> > (i)     any **Insured Individual** in their capacity as such;
>
> \*       \*       \*
>
> > (iii)    the **Policyholder** with respect to Section 1. Insuring Agreement A;
>
> \*       \*       \*

The term "**Interrelated Wrongful Acts**" is defined in Section III.A.6. as follows:

> **Interrelated Wrongful Acts** means any and all **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally or logically connected facts, circumstances, situations, events, transactions or causes.

AXIS acknowledged that the SEC Investigation constitutes a **D&O Claim**, but denied coverage on the grounds that it had been commenced prior to the inception of the Policy. In response to this position, BioChemics has (orally) argued that the SEC Investigation constitutes two or more **D&O Claims**, at least one of which was made during the Policy Period and does not involve the same **Wrongful Act** or **Interrelated Wrongful Acts** as compared to that portion of the SEC Investigation constituting a **D&O Claim** made prior to the Policy Period.

As an initial matter, we note that BioChemics' position that a single SEC investigation undertaken pursuant to a single Formal Order of Investigation <u>can</u> constitute multiple **D&O Claims** is not supported by the Policy's language. Specifically, the term "**D&O Claim**" is defined

BioChemics, Inc.
481.067
Page 6

as an "administrative or regulatory proceeding against any **Insured** commenced by . . . the filing of . . . an investigative order." Regardless of the focus (or foci) of the investigation, this language clearly evidences the Policy's intent that a single investigation will be treated as a single **D&O Claim**.

This interpretation is supported by the very nature of an SEC investigation (or any administrative or regulatory investigation). An SEC investigation is a fluid process that permits the SEC to review the documents produced and testimony taken, and to focus its attention on the facts or circumstances the Staff finds suggestive of evidence of wrongdoing. It would be impracticable if not impossible to provide insurance coverage for an SEC investigation (or any regulatory investigation) if every single avenue of inquiry or subject of investigative process is deemed to constitute a separate and distinct Claim.

In addition, the progress of the SEC Investigation, as understood from the objective evidence provided, is precisely how one would expect such an investigation to proceed. After the issuance of a Formal Order of Investigation "In the Matter of BioChemics, Inc. (B-02641)," the SEC issued subpoenas for the production of documents on May 9, 2011 and September 12, 2011. After apparently having the opportunity to review the documents provided, the SEC turned to seeking the testimony of witnesses who it believed had knowledge into the subject matter of the investigation.

Notwithstanding the foregoing, based upon our discussions with you and Defense Counsel, AXIS understands BioChemics' primary argument in favor of coverage to be as follows:

> After the initial phase of document production by BioChemics had purportedly concluded in the fall of 2012, the Insured and Defense Counsel believed that the SEC Investigation itself had been concluded. Subsequent to the perceived conclusion of the SEC Investigation, however, BioChemics believes the SEC came into possession of additional information separate and distinct from the prior focus of the Investigation. This additional information may have been sufficient to spur the SEC to independently commence a separate investigation against the individuals who received the Individual Testimony Subpoenas. Given that the SEC Investigation "In the Matter of BioChemics, Inc." remained technically open, however, the SEC decided to simply proceed with the new investigation under the same matter number.

Without conceding that coverage is available under such circumstances, AXIS has been willing to consider any evidence the Insured was willing to provide to establish that the SEC Investigation "In the Matter of BioChemics, Inc." constitutes two "**D&O Claims**" separated by a sufficiently clear line of demarcation between the subject matter of the initial stage of the investigation composed of the document subpoenas issued to BioChemics and the subsequent stage of the investigation constituting subpoenas issued to the various individuals to give oral testimony. Having had the opportunity to review the materials provided to date -- including the various deposition transcripts, the BioChemics Subpoena and the Wells Submission -- it does not appear that BioChemics has established this position.

In this regard, there appears to be a significant correlation between the content of the document requests in the May 9, 2011 BioChemics Subpoena and the inquiries made by the SEC Staff during the various depositions and ultimately the grounds on which the Staff proposed to

KAUFMAN BORGEEST & RYAN LLP

2055929

BioChemics, Inc.
481.067
Page 7

recommend action by the Commission, as evidenced by the Wells Submission.  By way of example, during several of the depositions, the questioning focused on statements made to existing or prospective investors, the status of BioChemics' relationships with various third-parties -- e.g., UniLever, Merck, etc. -- and the stage of development BioChemics' various pharmaceutical products.  These lines of inquiry directly correlate to the following document requests:

### Documents to be Produced

\*       \*       \*

5.     All solicitation or promotional Documents, offering document or private placement memorandum, or any other Documents or information Concerning BioChemics, provided or shown by BioChemics or any Person on behalf of BioChemics (including without limitation independent contractors, consultants, agents or representatives of BioChemics) to any investor or lender or prospective investor or lender or to any other Person.

6.     All Documents Concerning Communications, either direct or through an intermediary, between BioChemics (or any person on behalf of BioChemics, including without limitation independent contractors, consultants, agents or representatives of BioChemics) and any investor or lender or prospective investor or lender or other Person who holds or has been offered or sold (either by BioChemics or by any other Person) any stock, bonds, debt, warrants or other securities issued by BioChemics, or any right to purchase or obtain any such securities.

7.     Documents sufficient to describe all products developed, under clinical development, marketed or sold by BioChemics.  For those produces developed or under clinical development, provide Documents sufficient to indicate the current stage of development.

\*       \*       \*

22.     Documents sufficient to evidence all Agreements or collaborations BioChemics has with other organizations, including without limitation Cynosure, Inc., Pacific Pharmaceuticals, Unilver, Inc., Beth Israel Deaconness Medical Center, Nanobac Pharmaceuticals, Inc. and Harvard University, or any related or affiliated entities of these entities.

\*       \*       \*

In addition, as per the Wells Submission, we understand that the "Staff's theory of liability is premised on alleged fraudulent statements (and material omissions rendering other facts misleading) to prospective investors concerning:

KAUFMAN BORGEEST & RYAN LLP

2055929

BioChemics, Inc.
481.067
Page 8

    (1)    the clinical trial status of the Company's patented transdermal drug delivery system – most notably its novel transdermal formulations to treat osteoarthritis and diabetic neuropathy;

    (2)    the nature and status of the facts contained in certain valuations of the Company prepared in December 2007 and April 2009 by third-parties; and

    (3)    the nature and size of the personal investments in the Company made by Mr. Masiz and his parents (Chester and Carol Mscisz) over the course of its 22-year history.

Each of these factual theories of liability can likewise be correlated to a specific document request contained in the pre-Policy Period BioChemics Subpoena, as follows: (1) the first theory of liability is related to Document Request No. 7, quoted above; (2) the second theory of liability is related to Document Request Nos. 13-16, which pertain to Mercury Capital Group, one of the entities which prepared a referenced valuation; and (3) the third theory of liability relates to Document Request No. 30, requesting "Documents evidencing payments between BioChemics and John Masiz." In short, each theory of liability upon which the Staff intends to rely after completing its investigation was within the purview of the initial document requests made on May 9, 2011.

In light of the information provided to date, AXIS that the SEC Investigation, from the outset, focused at least in part on purportedly false or misleading statements made by BioChemics or its personnel to its investors or prospective investors. The nature of the misrepresentations are reflected in both the initial subpoena as well as the questioning during the individual witness depositions, through which the SEC Staff sought to establish the veracity of statements concerning the clinical trial stage of BioChemics' various products under development, BioChemics' financial condition and Mr. Masiz's contributions to and distributions from the company. Based upon the objective evidence provided to AXIS, there does not appear to be any rationale to consider the document collection phase of the SEC Investigation and the testimony stage to constitute separate and independent "**D&O Claims**," separated by a distinct line of demarcation concerning the factual inquiries and focus of the investigation.

*Based upon the foregoing, it remains AXIS's position that coverage is unavailable under the Policy with respect to the SEC Investigation in light of the fact that the SEC Investigation does not constitute a Claim first made during the Policy Period.*

As noted above, AXIS will consider any additional arguments that BioChemics wishes us to consider, and will review any additional documents provided. At this time, however, we believe any additional arguments should be addressed in a detailed writing so that AXIS has a complete and clear understanding of BioChemics' position.

Please be further advised that AXIS reserves all rights and defenses it may have under the Policy, at law and in equity, whether or not specifically referenced herein, to deny coverage and/or rescind the Policy upon any terms, conditions, exclusions, endorsements, and other provisions of the Policy, including statements, declarations, and omissions made in connection

BioChemics, Inc.
481.067
Page 9

with the application(s) therefore, as may apply.  No present or subsequent action taken by AXIS is to be construed as a waiver of any position set forth in this letter or any rights otherwise available to it pursuant to the Policy, at law or in equity.

If you have any questions concerning anything set forth in this letter, or have any information which might cause our client to alter or reconsider its coverage position, please do not hesitate to contact us.

Very truly yours,

KAUFMAN BORGEEST & RYAN LLP

Wayne E. Borgeest
Joshua DiLena

cc:     Matthew Odalen
        (Via Email Only: matthew.odalen@axiscapital.com)

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S. | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| BioChemics, Inc. and John Masiz | Axis Reinsurance Company Brown & Brown of New York, Inc., and John P. Raucci |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number | ATTORNEY (if known) |
|---|---|
| Steven L. Schreckinger, (BBO# 447100) Anderson & Kreiger LLP One Canal Park, Suite 200 Cambridge, MA 02141   (617) 621-6500 | |

Origin Code Original Complaint

Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? * _____
_____ (B) ( ) Yes ( ) No

BK.1  Other commercial claims, including insurance (B)          Yes (jury case)

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

See attached.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record _____
DATE: 2/27/2013

*BioChemics, Inc. v. AXIS Reinsurance Co., et al.*

**Attachment to B.L.S. Civil Action Cover Sheet**

This case is appropriate for the BLS for several reasons.  The case involves both an insurance coverage claim by a Massachusetts corporation and its CEO against their D&O liability insurer and claims against the broker defendants who placed the D&O coverage, including claims for professional liability, breach of fiduciary duty and possibly violations of insurance regulatory requirements under G.L. c. 175.  All of the plaintiffs' claims arise out of SEC proceedings, including subpoenas, a Wells notice and a civil complaint.  Resolution of the coverage claim and the claims against the broker defendants will involve complex legal issues, such as (1) understanding the nature and scope of SEC subpoenas and formal proceedings, and (2) complex insurance coverage issues, including (a) the application of the insurer's definition of "claim" in the absence of a complaint or other document setting forth allegations of wrongdoing, (b) the reporting of claims and circumstances that may give rise to claims under claims-made policies, and (c) tail coverage under claims-made policies.  In addition, the claims against the broker defendants include not only claims for professional malpractice but also regulatory violations and claims under c. 93A arising from, among other things, their apparent failure to have a licensed Massachusetts broker involved in the placement and handling of insurance on risks located in Massachusetts.



COMMONWEALTH OF MASSACHUSETTS
DIVISION OF INSURANCE
1000 WASHINGTON STREET, SUITE 810
BOSTON, MA 02118-6200



Priority Mail
CommBasePrice

UNITED STATES POSTAL

$ 05.49⁰

02 1M
0004282564   MAR 05 2013
MAILED FROM ZIP CODE 02110



COMMONWEALTH OF MASSACHUSETTS
DIVISION OF INSURANCE
1000 WASHINGTON STREET, SUITE 810
BOSTON, MA 02118-6200

AXIS REINSURANCE COMPANY
c/o Corporation Service Company
84 State Street
Boston, MA 02109