UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 13-10691-RWZ


BIOCHEMICS, INC.,
and JOHN MASIZ

v.

AXIS REINSURANCE COMPANY, *et al.*


MEMORANDUM OF DECISION

January 6, 2015

ZOBEL, D.J.

Plaintiffs BioChemics, Inc., and John Masiz sued defendant Axis Reinsurance Company[1] ("AXIS") for defense costs arising out of a Securities and Exchange Commission ("SEC") investigation and enforcement action under their directors and officers ("D&O") liability insurance policy. Plaintiffs moved for partial summary judgment, and defendants have cross-moved for summary judgment.

**I. Facts**

BioChemics is a specialty pharmaceutical company focused on transdermal drug delivery systems including medicated lotions. Masiz is BioChemics's president and chief executive officer.

The SEC commenced a Non-Public Formal Investigation targeting BioChemics

---

[1] Claims are also pending in this action against plaintiffs' insurance brokerage firm and an individual broker; they are not at issue at the current juncture.

and its officers by Formal Order on May 5, 2011, styled "In the Matter of BioChemics, Inc. (B-02641)" (the "SEC Investigation").  The SEC served a series of document subpoenas on BioChemics pursuant to the investigative order, including on May 9 and September 12, 2011, requesting a broad range of documents regarding the company's operations starting in 2007.  Those subpoenas indicated the existence of the Formal Order and were captioned "In the Matter of BioChemics, Inc. (B-02641)."  In December 2012 the SEC filed an enforcement action against plaintiffs and two promoters retained by BioChemics.

Plaintiffs had D&O coverage from Greenwich Insurance Company during 2011 until that policy expired in November, at which point plaintiffs changed carriers and purchased a new policy from defendant.  Both policies were issued on a claims made basis which, under the AXIS policy, covered claims first made between November 13, 2011, and November 13, 2012.  Section V.A of the policy, titled "Limits of Liability," contains the following language:

> All Claims, including all D&O Claims . . . arising from the same Wrongful Act . . . and all Interrelated Wrongful Acts shall be deemed one Claim and such Claim shall be deemed to be first made on the earlier date that: (1) any of the Claims is first made against an Insured under this Policy or any prior policy . . . .

Docket # 30, Ex. A (Policy), § V.A.[2]  The same section also states the basic principle of a claims made policy: "Coverage under this Policy shall apply only with respect to Claims deemed to have been first made during the Policy Period and reported in writing

---

[2] Underlined terms, which appear in bold type in the policy itself, are defined elsewhere in the document.

2

to the Insurer in accordance with the terms herein." Id.  The policy defines a "Claim" broadly to include, inter alia, any "written demand against any Insured for monetary or nonmonetary relief," or any "civil, arbitration, administrative or regulatory proceeding against any Insured commenced by . . . the filing of a notice of charge, investigative order, or like document." Id. § III.B.2(a), (b)(ii).

In January 2012, two months after the AXIS policy came into effect, the SEC served deposition subpoenas on Masiz and two other individuals.  In March 2012, it followed with document subpoenas on BioChemics and Masiz.  All subpoenas issued under the same SEC matter identification and number—In the Matter of BioChemics, Inc. (B-02641)—as the 2011 subpoenas.  The March document subpoena to Masiz also emphasized that Masiz was not required to produce any documents that had already been provided in response to the 2011 subpoenas to BioChemics. See Docket # 30, Ex. G, Subpoena Attachment at 3-4.

BioChemics notified AXIS of the January and March 2012 subpoenas. However, AXIS denied coverage.  It took the position that the entire SEC investigation was a single "claim" that was first made in May 2011, when the SEC issued its first document subpoena to BioChemics—before the AXIS policy took effect.

The enforcement action filed in December 2012 alleges that from 2009 until mid-2012 BioChemics and Masiz had engaged in a fraudulent scheme to sell BioChemics securities by misleading investors about the company's value.  Some of the misrepresentations alleged in the enforcement complaint took place before the SEC issued its first document subpoena in May 2011.  Others, including alleged

3

misrepresentations about a clinical trial of BioChemics's topical ibuprofen product, took place after the May and September 2011 subpoenas had issued.

AXIS has taken the same position with respect to the SEC enforcement action as it did with respect to the 2012 subpoenas: the enforcement action is part of a single "claim" that was first made when the first SEC subpoena issued in May 2011.

Plaintiffs have now renewed their motion for partial summary judgment, asserting AXIS owes them a duty to defend. In response, AXIS has moved for summary judgment, reiterating its position that the record is clear it owes no such duty because the SEC Investigation is a single "claim" first made prior to the issuance of its policy.

## II. Analysis

Summary judgment is appropriate when the moving party shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering whether or not a genuine issue of material fact exists, the court "must view the evidence in the light most favorable to the opposing party." Tolan v. Cotton,134 S. Ct. 1861, 1866 (2014). Under Massachusetts law, the interpretation of an unambiguous insurance policy is normally a question of law for the court. Essex Ins. Co. v. BloomSouth Flooring Corp., 562 F.3d 399, 403 (1st Cir. 2009). Summary judgment for an insurance company is proper when the allegations in the underlying complaint lie expressly outside the policy coverage and its purpose. Id. The critical issue is whether the record alleges a liability arising on the face of the policy. Id.

The parties agree that the contract at issue here is a "claims made" policy.

4

"'Claims made . . .' policies are best understood in contrast with 'occurrence' policies. Fin. Res. Network, Inc. v. Brown & Brown, Inc., 867 F. Supp. 2d 153, 178 (D. Mass. 2012), reconsideration granted in part (June 13, 2012) (citing New England Environmental Technologies v. American Safety Risk Retention Group, Inc., 738 F.Supp.2d 249, 255 (D. Mass. 2010)).  "Although both policies aim to insure a policyholder during a specified period of time, an occurrence policy focuses on when the conduct occurs and provides coverage if the covered act or omission occurs within the policy period, regardless of the date of discovery." Id.  "By contrast, a claims made and reported policy covers the insured for claims made during the policy year and reported within that period or a specified period thereafter regardless of when the covered act or omission occurred." Id.

The policy here defines a "Claim" broadly to include, inter alia, any "civil, arbitration, administrative or regulatory proceeding against any Insured commenced by . . . the filing of a notice of charge, investigative order, or like document." Docket # 30, Ex. A (Policy) § III.B.2(a), (b)(ii).  The triggering events are all part of a single SEC Investigation under the Formal Order.  Each subpoena was issued under, and referred to, the original Formal Order, and investigated the same officers and company for the same pattern of security violations through public material misstatements.  Under the clear language of the policy and on the record before the court, the subpoenas all constituted a single "Claim" under the policy.

The only remaining question is whether the Claim at issue is covered under the AXIS policy.  A Claim is only covered under the policy if "deemed to have been first

5

made during the Policy Period." A claim "shall be deemed to be first made on the earlier date that: (1) any of the Claims is first made against an Insured under this Policy or any prior policy . . . ." Docket # 30, Ex. A (Policy) § V.A. The Formal Order issued on May 5, 2011. The policy went into effect on November 13, 2011. The investigation and enforcement action, the Claim at issue, was thus "first made" before the policy period and is, therefore, not covered under the policy.

## III. Conclusion

Defendant's motion for summary judgment is ALLOWED. Plaintiffs' motion for partial summary judgment is DENIED AS MOOT.

    January 6, 2015                                        /s/Rya W. Zobel
        DATE                                                  RYA W. ZOBEL
                                                             UNITED STATES DISTRICT JUDGE